LLOYD M. WIGGINS v. PYRAMID LIFE INSURANCE COMPANY

No. 681SC431

(Filed 15 January 1969)

**1. Courts § 7— appeal from a district court — where docketed**

Where trial of a civil action was had in a district court on 19 June 1967 but judgment was not signed until 31 October 1967 and notice of appeal was given on that date, the appeal should be docketed in the Court of Appeals and not in the superior court, the superior court having no jurisdiction to hear and determine appeals from the district court where notice of appeal was given on or after 1 October 1967. G.S. 7A-35(a) and (c).

**2. Appeal and Error § 1;   Courts § 2— jurisdiction**

Jurisdiction cannot be conferred by consent where it does not otherwise exist.

**3. Appeal and Error § 1— jurisdiction of Court of Appeals**

    If the court from which the appeal is taken had no jurisdiction, the Court of Appeals cannot acquire jurisdiction by the appeal, the jurisdiction of the Court of Appeals being derivative.

**4. Appeal and Error § 5— defect of jurisdiction**

    The Court of Appeals will take notice *ex mero motu* of a defect of jurisdiction.

APPEAL by plaintiff from *Cowper, J.,* 13 May 1968 Session, GATES Superior Court.

Complaint in this case was filed 27 February 1967 in the District Court Division, Gates County. It appears from the record on appeal that the case was tried before Judge William S. Privott, District Judge, sitting without a jury, on 19 June 1967. However, judgment was signed under the date of 31 October 1967, and shows a filing date of 3 November 1967. The judgment of the District Court was in favor of the plaintiff, and under date of 31 October 1967 Judge Privott signed appeal entries which contained a statement that defendant "gives notice of appeal to the Supreme Court of North Carolina or other appellate court having jurisdiction over an appeal from said District Court." The appeal entries show a filing date of 3 November 1967.

Certain stipulations were entered into between the parties under the date of 29 December 1967 which contained the following: "It is further stipulated that this appeal herein (sic) is to be before the Superior Court initially, in the opinion of counsel for plaintiff and defendant, and there has been a timely assembly of the record." The appeal was thereafter docketed in the Superior Court and was heard by Judge Cowper at the 13 May 1968 Session. Judge Cowper ruled that the District Court erred in failing to allow defendant's motion for nonsuit, and thereupon dismissed the action. From Judge Cowper's judgment the plaintiff gave notice of appeal to this Court, and thereafter docketed the record on appeal in this Court.

*John H. Hall for plaintiff appellant.*

*Cansler & Lockhart for defendant appellee.*

BROCK, J.

It seems to us that counsel interpreted the last paragraph of the judgment of the District Court as setting the date of the judgment, *nunc pro tunc,* on 19 June 1967. The said last paragraph reads as follows: "This judgment signed out of term and out of the county

and within the district, by consent, this 31st day of October, 1967, all as of the date of the trial of said action, to wit: June 19, 1967." This judgment was filed 3 November 1967, and the notice of appeal was filed 3 November 1967.

It may be that, for some purpose, the judgment is effective as of the date of 19 June 1967; but it is quite clear that notice of appeal could not be given until the judgment was signed on 31 October 1967. Therefore the date of notice of appeal comes on or after 1 October 1967.

G.S. 7A-35(a) provides:

> "Civil cases tried in the district court in which notice of appeal to the superior court has been given on or before September 30, 1967, and which have not been finally determined in the superior court on that date, shall be disposed of as provided by rule of the Supreme Court, and the jurisdiction of the superior court over civil appeals from the district court continues to the extent necessary for this purpose."

G.S. 7A-35(c) provides:

> "On and after October 1, 1967, all causes appealed to the appellate division from the Utilities Commission, the Industrial Commission, the district court in civil cases, or the superior court, other than criminal cases which impose a sentence of death or life imprisonment, shall be filed with the clerk of the Court of Appeals."

[1] These statutes make the date of notice of appeal controlling, not the date of the trial or the judgment. Under the statute the Superior Court has no jurisdiction to hear and determine an appeal from the District Court where the notice of appeal has been given on or after 1 October 1967; and it follows that the Superior Court of Gates County had no jurisdiction to hear and determine the appeal in this case. Unfortunately, the stipulation as to the understanding of counsel notwithstanding, defendant has chosen an improper forum in which to docket its appeal from the District Court.

[2, 3] Jurisdiction cannot be conferred by consent where it does not otherwise exist, 1 McIntosh, N. C. Practice 2d, § 6, and the jurisdiction of the Court of Appeals is derivative; therefore, if the court from which the appeal is taken had no jurisdiction, the Court of Appeals cannot acquire jurisdiction by appeal. 1 Strong, N. C. Index 2d, Appeal and Error, § 1, p. 103.

[4] Neither party has raised the question of jurisdiction before

this Court; nevertheless we will take notice *ex mero motu* of defects in the record. 1 Strong, N. C. Index 2d, Appeal and Error, § 5, p. 110.

    *Ex mero motu* this appeal is dismissed for lack of jurisdiction.

    Appeal dismissed.

BRITT and PARKER, JJ., concur.