STEVEN RICHARD FURR, Plaintiff v. JAN BRUCE NOLAND and JAMES S. NOLAND, Defendants

No. 9026SC1167

(Filed 18 June 1991)

**Rules of Civil Procedure § 13 (NCI3d) — compulsory counterclaim — voluntarily dismissed — barred**

The trial court properly dismissed a claim arising from a truck accident where the Nolands initially filed suit against Furr for personal injuries; Furr filed a counterclaim for his injuries; Furr took a voluntary dismissal of his counterclaim on 3 April 1989; a jury found that the Nolands were not injured as a result of the negligence of Furr; Furr filed a claim against the Nolands and two insurance companies for his injuries on 27 March 1990; and the trial court granted summary judgment for defendants. There is no dispute that the claim now asserted arose out of the same occurrence which was the subject of the original lawsuit and plaintiff acknowledges that his current suit is based on what was a compulsory counterclaim in the prior lawsuit. Although N.C.G.S. § 1A-1, Rule 41 makes no distinction between permissive and compulsory counterclaims, the court recognizes that one exists.

**Am Jur 2d, Judgments §§ 430, 434, 436, 492.**

APPEAL by plaintiff from order of *Judge Raymond A. Warren* entered 24 August 1990 in MECKLENBURG County Superior Court. Heard in the Court of Appeals 16 May 1991.

*Karro, Sellers, Langson and Gorelick, by Seth H. Langson, for plaintiff appellant.*

*Golding, Meekins, Holden, Cosper and Stiles, by Terry D. Horne, for Jan Bruce Noland and James S. Noland, defendants appellees; McClure and Contrivo, P.A., by Frank J. Contrivo, for Allstate Insurance Company; and Parker, Poe, Adams and Bernstein, by David N. Allen, for Michigan Mutual Insurance Company.*

COZORT, Judge.

The sole issue presented on appeal is whether plaintiff may maintain this action on a claim which was a compulsory counterclaim in a prior lawsuit and on which plaintiff took a voluntary dismissal.

We hold that N.C. Gen. Stat. § 1A-1, Rule 13(a) (1990) controls, and we affirm the trial court's dismissal of the present action.

On 25 June 1986, Steven Furr was operating a truck which collided into a truck operated by Jan Noland. The truck operated by Jan Noland was owned by James Noland; the truck operated by Furr was owned by Frederickson Motor Express Corporation. On 16 May 1987 in Mecklenburg Superior Court, the Nolands filed suit against Furr and Frederickson for personal injuries which allegedly resulted from the collision. Furr (plaintiff in the present action) filed a counterclaim for his injuries. On 3 April 1989, Furr took a voluntary dismissal of his counterclaim. On 13 June 1989, a Mecklenburg County jury found that the Nolands were not injured as a result of the negligence of Furr and awarded no damages to the Nolands.

On 27 March 1990, Furr filed a claim in Mecklenburg County Superior Court against the Nolands for injuries arising out of the collision of 25 June 1986. Furr also asserted claims against Allstate Insurance Company and Michigan Mutual Insurance Company. All three defendants filed N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) (1990) motions to dismiss plaintiff's lawsuit. At the hearing on the defendants' motions, the trial court considered matters outside of the pleadings and granted summary judgment in favor of the defendants. Plaintiff appeals.

Defendants maintain that the trial court properly dismissed plaintiff's claim because the claim was a compulsory counterclaim which should have been asserted and litigated in the prior lawsuit between the parties. We agree. N.C. Gen. Stat. § 1A-1, Rule 13(a) provides:

> A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

In the present case, there is no dispute that the claim which plaintiff is now asserting arose out of same occurrence which was the subject of the 16 May 1987 lawsuit. Plaintiff acknowledges that his current suit is based on what was a compulsory counterclaim in the prior lawsuit. Plaintiff contends, however, that under N.C. Gen.

Stat. § 1A-1, Rule 41 (1990), he is allowed to maintain a new action on his compulsory counterclaim. We disagree.

Rule 41(a) provides that "[i]f an action commenced within the time prescribed therefor . . . is dismissed without prejudice under this subsection, a new action based on the same claim may be commenced within one year after such dismissal . . . ." Rule 41(c) makes the provisions of subsection (a) applicable to the "dismissal of any counterclaim." Rule 41 makes no distinction between permissive and compulsory counterclaims; however, we recognize that one exists. Rule 13 requires a party to assert as a counterclaim any claim arising out of the same transaction or occurrence as the pending action, "at peril of being barred" from asserting the claim in a later action. Comment, N.C. Gen. Stat. § 1A-1, Rule 13 (1990). The doctrine of res judicata operates to bar subsequent action on the same claim which the plaintiff had the opportunity to litigate as a counterclaim in the prior action. *Painter v. Board of Educ.*, 288 N.C. 165, 217 S.E.2d 650 (1975). Rule 13 and the doctrine of res judicata would be completely undermined if parties were allowed to voluntarily dismiss and then later refile compulsory counterclaims. The judicial economy promoted by Rule 13 would be lost. *See Gardner v. Gardner*, 294 N.C. 172, 240 S.E.2d 399 (1978).

Our result is supported by the statutory construction doctrine that where two statutory provisions conflict, one of which is specific or "particular" and the other "general," the more specific statute controls in resolving any apparent conflict. *North Carolina ex rel. Utilities Commission v. Union Elec. Membership Corp.*, 3 N.C. App. 309, 314, 164 S.E.2d 889, 892 (1968).

We hold plaintiff may not now maintain a separate action on a compulsory counterclaim in the prior action.

Affirmed.

Judges ORR and WYNN concur.