STATE OF NORTH CAROLINA v. NORMAN JONES

No. COA02-1404

(Filed 4 November 2003)

**1. Criminal Law— unlawful plea agreement—appellate review**

The trial court erred in a possession with intent to sell and deliver cocaine case by allowing defendant to specifically condition his plea agreement on appellate review of the denial of his habeas corpus motion, his motion to suppress, his motion to dismiss the habitual felon charge as being double jeopardy based on alleged unlawful detention maintained in his previously denied habeas corpus motion, and the case is vacated and remanded because: (1) defendant only has a right of appeal for his motion to suppress; (2) the Court of Appeals is without authority to review either by right or by certiorari the trial court's denial of defendant's motion for a writ of habeas corpus, his motion to dismiss based on his claim of unlawful detention maintained in his habeas corpus motion, or his assertion on appeal that he was denied a probable cause hearing; and (3) where a defendant's bargain violates the law, the appellate court should vacate the judgment and remand the case to the trial court where defendant may withdraw his guilty plea and proceed to trial on the criminal charges or withdraw his plea and attempt to negotiate another plea agreement that does not violate the law.

**2. Sentencing— habitual felon—lack of subject matter jurisdiction—possession of cocaine**

The trial court lacked subject matter jurisdiction over defendant's habitual felon indictment supported by the prior offense of possession of cocaine, because: (1) N.C.G.S. § 90-95(d)(2) plainly states the crime of possession of cocaine is a misdemeanor that is punishable as a felony; and (2) where a crime is defined as one class but defendant is sentenced in another class, the definitional classification controls.

Appeal by defendant from judgment entered 24 May 2002 by Judge William Z. Wood, Jr., in Forsyth County Superior Court. Heard in the Court of Appeals 26 August 2003.

*Attorney General Roy Cooper, by Assistant Attorney General Daniel P. O'Brien, for the State.*

*Appellate Defender Staples Hughes, by Assistant Appellate Defenders, Aaron Edward Carlos, and Constance E. Widenhouse, for defendant-appellant.*

CALABRIA, Judge.

Norman Jones ("defendant") pled guilty to possession with intent to sell and deliver cocaine and to attaining the status of habitual felon. Defendant's plea was specifically conditioned upon his "right to appeal the denial of his habeas corpus motion, his motion to suppress evidence, and his motion to dismiss the habitual felon charge as being double jeopardy based on defendant's claim of unlawful detention maintained in his previously denied habeas corpus motion."

Although defendant specifically conditioned his entire plea agreement on appellate review, we find defendant's right to appeal is limited to the motion to suppress evidence and does not provide for review of the other motions. Since defendant is entitled to the benefit of his bargain, we vacate his guilty plea and remand the case to the trial court. However, pursuant to our jurisdiction under N.C. Gen. Stat. § 15A-979 to review defendant's motion to suppress, we may also review the trial court's jurisdiction. We find the trial court lacked jurisdiction over the habitual felon indictment because it was facially invalid. Accordingly, we also vacate defendant's guilty plea based on the habitual felon indictment.

**[1]** The preliminary issue in this case is whether this Court has the authority to hear defendant's appeal. Although defendant and the State agreed he could appeal the delineated issues, "[j]urisdiction cannot be conferred by consent where it does not otherwise exist. . . ." *Wiggins v. Insurance Co.*, 3 N.C. App. 476, 478, 165 S.E.2d 54, 56 (1969). The jurisdiction of the Court of Appeals is limited to that which "the General Assembly may prescribe." N.C. Const. Art. IV, § 12 (2). "In North Carolina, a defendant's right to appeal in a criminal proceeding is purely a creation of state statute. Furthermore, there is no federal constitutional right obligating courts to hear appeals in criminal proceedings." *State v.*

*Pimental,* 153 N.C. App. 69, 72, 568 S.E.2d 867, 869, *disc. rev. denied,* 356 N.C. 442, 573 S.E.2d 163 (2002).

A defendant who pleads guilty has a right of appeal limited to the following:

1. Whether the sentence "is supported by the evidence." This issue is appealable only if his minimum term of imprisonment does not fall within the presumptive range. N.C. Gen. Stat. § 15A-1444(a1) (2001);

2. Whether the sentence "[r]esults from an incorrect finding of the defendant's prior record level under G.S. 15A-1340.14 or the defendant's prior conviction level under G.S. 15A-1340.21." N.C. Gen. Stat. § 15A-1444(a2)(1) (2001);

3. Whether the sentence "[c]ontains a type of sentence disposition that is not authorized by G.S. 15A-1340.17 or G.S. 15A-1340.23 for the defendant's class of offense and prior record or conviction level." N.C. Gen. Stat. § 15A-1444(a2)(2) (2001);

4. Whether the sentence "[c]ontains a term of imprisonment that is for a duration not authorized by G.S. 15A-1340.17 or G.S. 15A-1340.23 for the defendant's class of offense and prior record or conviction level." N.C. Gen. Stat. § 15A-1444(a2)(3) (2001);

5. Whether the trial court improperly denied defendant's motion to suppress. N.C. Gen. Stat. §§ 15A-979(b)(2001), 15A-1444(e) (2001);

6. Whether the trial court improperly denied defendant's motion to withdraw his guilty plea. N.C. Gen. Stat. § 15A-1444(e).

Accordingly, in the case at bar, defendant has a right of appeal for his motion to suppress. N.C. Gen. Stat. §§ 15A-979(b), 15A-1444(e). Defendant does not have a right of appeal for the denial of his habeas corpus motion or for his motion to dismiss "based on defendant's claim of unlawful detention maintained in his previously denied habeas corpus motion." Defendant also sought review of an issue raised for the first time on appeal: that his constitutional and statutory rights were violated because a probable cause hearing was never held, and he did not waive his right to such a hearing. Since this issue does not fall within the statutory provisions, defendant also lacks an appeal of right on the probable cause hearing issue.

STATE v. JONES

[161 N.C. App. 60 (2003)]

Where a defendant has no appeal of right, our statute provides for defendant to seek appellate review by a petition for writ of certiorari. N.C. Gen. Stat. § 15A-1444(e). However, our appellate rules limit our ability to grant petitions for writ of certiorari to cases where: (1) defendant lost his right to appeal by failing to take timely action; (2) the appeal is interlocutory; or (3) the trial court denied defendant's motion for appropriate relief. N.C.R. App. P. 21(a)(1) (2003). In considering appellate Rule 21 and N.C. Gen. Stat. § 15A-1444, this Court reasoned that since the appellate rules prevail over conflicting statutes, we are without authority to issue a writ of certiorari except as provided in Rule 21. *State v. Nance*, 155 N.C. App. 773, 574 S.E.2d 692 (2003); *Pimental*, 153 N.C. App. at 73-74, 568 S.E.2d at 870; *State v. Dickson*, 151 N.C. App. 136, 564 S.E.2d 640 (2002). Accordingly, we are without authority to review either by right or by certiorari the trial court's denial of defendant's motion for a writ of habeas corpus, his motion to dismiss which was based on his claim of unlawful detention maintained in his habeas corpus motion, or his assertion on appeal that he was denied a probable cause hearing.

Therefore, our first question is how to address defendant's appeal of right for the motion to suppress. Defendant pled guilty on the condition that he would have appellate review of his writ of habeas corpus, motion to suppress, and motion to dismiss. Defendant is entitled to appeal only the motion to suppress. Moreover, this Court lacks the authority to consider defendant's remaining assignments of error pursuant to a writ of certiorari. A North Carolina Supreme Court case provides guidance. The Court held that a defendant who pleads guilty is "entitled to receive the benefit of his bargain." *State v. Wall*, 348 N.C. 671, 676, 502 S.E.2d 585, 588 (1998). Where a defendant's bargain violates the law, the appellate court should vacate the judgment and remand the case to the trial court where defendant "may withdraw his guilty plea and proceed to trial on the criminal charges . . . [or] withdraw his plea and attempt to negotiate another plea agreement that does not violate [State law]." *Id.* Accordingly, since defendant bargained for review of three motions and our Court may review only one, we will not address the substantive issues raised by the motion to suppress. Rather, pursuant to *Wall*, we vacate the plea and remand the case to the trial court, placing defendant back in the position he was in before he struck his bargain: he may proceed to trial or attempt to negotiate another plea agreement.

[2] However, before doing so, we address a jurisdictional flaw in the habitual felon indictment.[1] We may consider this flaw because "[e]very court necessarily has the inherent judicial power to inquire into, hear and determine questions of its own jurisdiction . . . ." *Lemmerman v. Williams Oil Co.*, 318 N.C. 577, 580, 350 S.E.2d 83, 86 (1986). Moreover, "the jurisdiction of the Court of Appeals is derivative; therefore, if the court from which the appeal is taken had no jurisdiction, the Court of Appeals cannot acquire jurisdiction by appeal." *Wiggins*, 3 N.C. App. at 478, 465 S.E.2d at 56. Although our power to consider jurisdiction is limited to those cases properly pending before the Court, we may consider the issue here because defendant has a right to appeal his motion to suppress. *See State v. Absher*, 329 N.C. 264, 265 & n.1, 404 S.E.2d 848, 849 & n.1 (1991) (stating, "[w]hile it is true that a defendant may challenge the jurisdiction of a trial court, such challenge may be made in the appellate division only if and when the case is properly pending before the appellate division.") Moreover, we recently held jurisdiction is essential to a court's authority to rule on a motion to suppress and therefore considered an attack to the trial court's jurisdiction, based on the fact defendant had not been indicted at the time of the hearing, pursuant to our review of the motion to suppress under N.C. Gen. Stat. § 15A-979.[2] *State v. Wolfe*, 158 N.C. App. 539, 540, 581 S.E.2d 117, 118 (2003). Accordingly, we determine it is proper

---

1. At the outset, we note that in addition to our authority to consider the flaw as part-and-parcel of the motion to suppress as explained in the body of the opinion, we also recognize this Court could properly consider defendant's jurisdictional arguments through a motion for appropriate relief. N.C. Gen. Stat. § 15A-1415(b)(2) (2001). Such a motion may be brought in the appellate court when defendant has either a properly pending appeal or a petition for writ of certiorari with the Court. *State v. Waters*, 122 N.C. App. 504, 470 S.E.2d 545 (1996). Moreover, the motion can be raised by this Court *sua sponte*. N.C. Gen. Stat. § 15A-1420(d) (2001). Accordingly, since defendant has an appeal of his motion to suppress properly pending, this Court could address the jurisdictional defect on its own motion for appropriate relief. *See also State v. Hawkins*, 110 N.C. App. 837, 839, 431 S.E.2d 503, 505 (1993), *overruled on other grounds by State v. Cheek*, 339 N.C. 725, 453 S.E.2d 862 (1995), (this Court held a defendant who pled guilty could not raise the issue of lack of jurisdiction due to a defective indictment on appeal from the judgment, but this Court could address it upon review of the trial court's denial of his motion for appropriate relief).

2. We recognize this Court previously held a defendant's right to appeal his motion to suppress did not include a right to appeal his motion to dismiss for lack of jurisdiction. *State v. Flowers*, 128 N.C. App. 697, 497 S.E.2d 94 (1998). Accordingly, although *Flowers* provides a defendant who pled guilty may not appeal the denial of his motion to dismiss for lack of jurisdiction, *Wolfe* provides a defendant may nevertheless raise his jurisdictional concerns by attacking the trial court's authority to rule on the motion to suppress.

for this Court to address subject matter jurisdiction concerns in the case at bar.[3]

Defendant argued the habitual felon indictment[4] was facially invalid because the indictment was supported by a prior offense that is a misdemeanor, not a felony. Therefore, defendant asserts, "[the indictment] fail[s] to give the trial court subject matter jurisdiction over the matter. . . ." *State v. Bullock*, 154 N.C. App. 234, 244, 574 S.E.2d 17, 23 (2002), *writ of supersedeas and disc. rev. denied*, 357 N.C. 64, 579 S.E.2d 396, *cert. denied*, —— U.S. ——, —— L. Ed. 2d —— (2003). As with any challenge to subject matter jurisdiction, "a challenge to the sufficiency of an indictment may be made for the first time on appeal." *Id.*; *Wood v. Guilford Cty.*, 355 N.C. 161, 164, 558 S.E.2d 490, 493 (2002).

In support of the habitual felon indictment, the State presented defendant's 1991 conviction for possession of cocaine. The essential question is whether this crime is a felony for habitual felon purposes. Our habitual felon law states "[f]or the purpose of this Article, a felony offense is defined as an offense which is a felony under the laws of the State. . . ." N.C. Gen. Stat. § 14-7.1 (2001). Accordingly, the question for this Court is whether, under the laws of North Carolina, possession of cocaine is a misdemeanor or a felony.

The State asserts this conviction may properly support the indictment because possession of cocaine is a felony under North Carolina law. Our Controlled Substances Act provides that possession of cocaine "shall be punishable as a Class I felony." N.C. Gen. Stat. § 90-95(d)(2) (2001).[5] Moreover, in defining a felony, our law provides "[a] felony is a crime which: . . . [i]s or may be punishable by imprisonment in the State's prison . . . ." N.C. Gen. Stat. § 14-1 (2001). Defendant was, in fact, punished as a Class I felon and sen-

3. Judicial economy and justice support our decision to address this issue pursuant to our jurisdiction over defendant's motion to suppress. To end our analysis before addressing the flaw, we would senselessly postpone an issue which we may properly address now. If this Court were to ignore the jurisdictional flaw, injustice would result since defendant would be subjected to a court that lacks jurisdiction due to an invalid indictment.

4. Although the motion to suppress relates to the underlying felony, since the habitual felon indictment is inextricably linked to this felony by the fact defendant pled guilty to both in the same plea agreement and the fact the charge would subject the defendant to an increased punishment, we may address the jurisdiction of the trial court over either indictment pursuant to N.C. Gen. Stat. § 15A-979(b).

5. We note this portion of the Act has not changed since defendant's commission of the offense in 1991.

tenced to five years in State prison. Therefore, the State asserts, defendant's prior possession of cocaine is a prior felony for habitual felon purposes.

Defendant, on the other hand, asserts possession of cocaine is a misdemeanor under N.C. Gen. Stat. § 90-95 and therefore cannot be utilized to support the habitual felon indictment. Defendant committed the offense on 2 August 1991. Under North Carolina law in effect at that time, "any person who violates G.S. 90-95(a)(3) [possession of a controlled substance] with respect to: . . .[a] controlled substance classified in Schedule II, III, or IV shall be guilty of a misdemeanor. . . ." N.C. Gen. Stat. § 90-95(d)(2) (1991). According to N.C. Gen. Stat. § 90-90(a) 4., cocaine is a Schedule II controlled substance. N.C. Gen. Stat. § 90-90(a) 4. (1991). Therefore, he argues, possession of cocaine is a misdemeanor.[6]

With these arguments in mind, we turn to our established rules of statutory construction. "A cardinal principle governing statutory interpretation is that courts should always give effect to the intent of the legislature." *State v. Oliver*, 343 N.C. 202, 212, 470 S.E.2d 16, 22 (1996). However, " ' "[c]riminal statutes are to be strictly construed against the State." ' " *State v. Hearst*, 356 N.C. 132, 136-37, 567 S.E.2d 124, 128 (2002) (quoting *State v. Raines*, 319 N.C. 258, 263, 354 S.E.2d 486, 489 (1987) (citation omitted)). " 'Statutory interpretation properly begins with an examination of the plain words of the statute.' " *State v. Carr*, 145 N.C. App. 335, 343, 549 S.E.2d 897, 902 (2001) (quoting *Correll v. Division of Social Services*, 332 N.C. 141, 144, 418 S.E.2d 232, 235 (1992)). " 'When the language of a statute is clear and unambiguous, there is not room for judicial construction and the courts must give the statute its plain and definite meaning, and are without power to interpolate, or superimpose, provisions and limitations not contained therein.' " *Id.*, (quoting *State v. Jarman*, 140 N.C. App. 198, 205, 535 S.E.2d 875, 880 (2000) (citation omitted)). Finally, "where two statutory provisions conflict, one of which is specific or 'particular' and the other 'general,' the more specific statute controls in resolving any apparent conflict." *Furr v. Noland*, 103 N.C. App. 279, 281, 404 S.E.2d 885, 886 (1991).

In the case at bar, the specific statute defining the crime of possession of cocaine plainly states it is a misdemeanor that is punishable as a felony. N.C. Gen. Stat. § 90-95(d)(2). Although felonies are

6. Our current law also provides that cocaine is a Schedule II controlled substance, possession of which constitutes a misdemeanor. *See* N.C. Gen. Stat. §§ 90-90(1) d., 90-95(d)(2) (2001).

broadly defined in N.C. Gen. Stat. § 14-1 to include any crime punishable in State prison, we cannot interpret this general statute as overcoming the plain language of the specific statute defining the crime. Moreover, we have previously held that where a crime is defined as one Class but defendant is sentenced at another Class, the definitional classification controls. *State v. Vaughn,* 130 N.C. App. 456, 460, 503 S.E.2d 110, 112-13 (1998) (holding a defendant was convicted of a prior Class H felony, but was sentenced for a Class C felony due to increased punishment as a habitual felon, is nevertheless considered to have been convicted of a prior Class H felony for calculating his prior record level). Accordingly, although possession of cocaine may be punished as a felony, the statute plainly defines it is a misdemeanor.[7] Parenthetically, we note the legislature may alter this result by stating defendant "shall be guilty of" a felony and not merely punished as a felon. *See* N.C. Gen. Stat. § 90-95(e)(9) (2001) (directing that where defendant possesses cocaine "on the premises of a penal institution or local confinement facility," that he "shall be guilty of a Class H felony"). However, at the present time, the plain language of the statute states possession of cocaine is a misdemeanor, punishable as a felony; therefore it cannot be considered a felony to support a habitual felon indictment.

Since the habitual felon indictment was insufficient, the indictment did not convey subject matter jurisdiction on the trial court, and this Court "must arrest judgment." *Bullock,* 154 N.C. App. at 244, 574 S.E.2d at 23. " '[T]he legal effect of arresting the judgment is to vacate the verdict and sentence of imprisonment below. . . .' " *Id.,* 154 N.C. App. at 245, 574 S.E.2d at 24 (quoting *State v. Fowler,* 266 N.C. 528, 531, 146 S.E.2d 418, 420 (1966)). Accordingly, we vacate the guilty plea based on the habitual felon indictment.

In conclusion, we vacate and remand the guilty plea for possession with intent to sell and deliver cocaine. This places defendant back in the position he was in before striking the illegal bargain to appeal issues not properly presented to the Court on appeal from his guilty plea. We also vacate the guilty plea for attaining the status of habitual felon because the indictment was facially invalid and failed to confer subject matter jurisdiction.

---

7. Our Court previously noted "N.C. Gen. Stat. § 90-95(d)(2) (Cum. Supp. 1998) clearly states that the possession of any amount of cocaine is a felony." *State v. Chavis,* 134 N.C. App. 546, 555, 518 S.E.2d 241, 248 (1999). While we find the statute clear, it states possession of cocaine is a misdemeanor that is punishable as a felony but does not state it *is* a felony. Since the only analysis in *Chavis* is the language of the statute, which does not state, as asserted, that "possession of any amount of cocaine is a felony," we find we are bound by the language of the statute.