STATE OF NORTH CAROLINA v. COREY TYRONE SNEED, Defendant

No. COA02-1746

(Filed 18 November 2003)

**Firearms and Other Weapons— possession of a firearm by a felon—habitual felon—motion to dismiss—prior conviction of possession of cocaine a misdemeanor**

The trial court erred by failing to dismiss the charges of possession of a firearm by a felon and being an habitual felon, because both charges were supported by defendant's prior convictions for possession of cocaine which are statutorily defined as misdemeanors.

Appeal by defendant from judgment entered 17 July 2002 by Judge W. Allen Cobb, Jr. in Superior Court, New Hanover County. Heard in the Court of Appeals 28 October 2003.

*Attorney General Roy Cooper, by Assistant Attorney General Lisa Granberry Corbett, for the State.*

*Daniel Shatz for the defendant-appellant.*

WYNN, Judge.

Defendant, Corey Tyrone Sneed, argues on appeal that the trial court erroneously failed to dismiss the charges of possession of a firearm by a felon indictment and being an habitual felon because both charges were supported by his prior convictions for possession of cocaine, which are statutorily defined as misdemeanors. For reasons given in this Court's recent opinion in *State v. Jones*, 161 N.C. App. 60, —— S.E.2d —— (2003), we are compelled to agree with Defendant.

The underlying facts tend to show that on the morning of 3 March 2002, a police officer observed Defendant make a U-turn at an intersection, stop and exit his vehicle and begin talking with another individual on the street. After being informed Defendant's license plates were registered to a different car, the officer drove behind the parked car and activated his lights. Upon being detained for driving with fictitious tags, Defendant voluntarily informed the officer a gun was under the driver's seat of his car. After confirming a gun was underneath the driver's seat, the officer contacted dispatch and was informed Defendant was a convicted felon.

Defendant contended that he carried the gun for the protection of his three businesses—Contra Youth at 13th and Dock Street, Good Times at 907 Castle Street, and Contra Headquarters at 521 South 10th Street. According to Defendant, he had been having trouble at Good Times, a club, which was in a high-crime area. His club had experienced a break-in, had shots fired into it and the adult crowd was often rowdy. Defendant also felt he needed protection going home from the club at 3:00 or 4:00 in the morning with the proceeds. At the time of the police stop, Defendant was coming from Contra Youth Headquarters and was on his way to the Good Times club, which opened at 8:00. Defendant had stopped to pick up his cousin, who worked security at the nightclub.

Defendant was convicted of possession of a firearm by a felon and as having attained habitual felon status, and sentenced to 100-129 months imprisonment. Defendant appeals.

---

Defendant contends the indictment charging him with possession of a firearm by felon in violation of N.C. Gen. Stat. § 14-415.1 (2001) and as having attained habitual felon status as defined by N.C. Gen. Stat. § 14-7.1 (2001) should have been dismissed because his prior convictions for possession of cocaine were not felony convictions. We agree.

In the indictment charging Defendant with possession of a firearm by felon, the State alleged:

> . . . the defendant named above unlawfully, willfully and feloniously did possess a Browning Hi-Power 9mm, which is a handgun, while not at his home or lawful place of business. The defendant had previously been convicted of the felony of Possession of Cocaine, which is a Class I Felony punishable by a maximum sentence of 5 years. This felony was committed on 1-7-94 and the defendant was convicted of the felony on 5-16-95 in New Hanover County Superior Court and received a 5 year sentence.

Under N.C. Gen. Stat. § 14-415.1 (2001), it is "unlawful for any person who has been convicted of a felony to purchase, own, possess, or have in his custody, care, or control any handgun or other firearm with a barrel length of less than 18 inches or an overall length of less than 26 inches . . ." Therefore, one must have a prior felony conviction to be in violation of this provision.

STATE v. SNEED

[161 N.C. App. 331 (2003)]

In a separate indictment, the State alleged Defendant had attained habitual felon status. The State alleged Defendant had three prior felony convictions on 16 May 1995, 27 July 1992 and 27 June 1990 for possession of cocaine in violation of N.C. Gen. Stat. § 90-95.

In the recent case of *State v. Jones*, 161 N.C. App. 60, —— S.E.2d —— (2003), this Court, after applying the applicable rules of statutory interpretation, stated:

> the specific statute defining the crime of possession of cocaine plainly states it is a misdemeanor that is punishable as a felony. N.C. Gen. Stat. § 90-95(d)(2). Although felonies are broadly defined in N.C. Gen. Stat. § 14-1 to include any crime punishable in State prison, we cannot interpret this general statute as overcoming the plain language of the specific statute defining the crime. Moreover, we have previously held that where a crime is defined as one Class but defendant is sentenced at another Class, the definitional classification controls. *State v. Vaughn*, 130 N.C. App. 456, 460, 503 S.E.2d 110, 112-13 (1998) (holding a defendant was convicted of a prior Class H felony, but was sentenced for a Class C felony due to increased punishment as a habitual felon, is nevertheless considered to have been convicted of a prior Class H felony for calculating his prior record level). Accordingly, although possession of cocaine may be punished as a felony, the statute plainly defines it as a misdemeanor.

*See State v. Jones*, 161 N.C. App. 60, —— S.E.2d —— (2003).

Despite the clear language of the statute, the State argues that in *State v. Chavis*, 134 N.C. App. 546, 555, 518 S.E.2d 241, 248 (1999), this Court stated "N.C. Gen. Stat. § 90-95(d)(2) clearly states that the possession of any amount of cocaine is a felony." In addressing a similar argument in *State v. Jones*, this Court stated that the statute "states possession of cocaine is a misdemeanor that is punishable as a felony but does not state it *is* a felony. Since the only analysis in *Chavis* is the language of the statute, which does not state, as asserted, that 'possession of any amount of cocaine is a felony,' we find we are bound by the language of the statute." *Id.*

Moreover, we note that in this case, the State acknowledged at oral argument that it was within the authority of the General Assembly to establish that a crime could be punishable as a felony and yet be classified as a misdemeanor. Indeed, the statute explicitly states that one who possesses a Schedule II substance (cocaine) shall

be guilty of a Class 1 misdemeanor. Thereafter, the statute directs that such misdemeanor offense shall be punishable as a Class I felony. Nothing could be clearer. Since the General Assembly made this law, it is not within the province of this Court to employ legal gymnastics to read the clear language differently than what it states. The plain language of the statute makes the crime of cocaine possession a misdemeanor which is punishable as a felony. Thus, to be clear, drug possession of cocaine remains as the General Assembly says it is— punishable as a Class I felony. Thus, neither this opinion nor *State v. Jones* affects prior sentences for possession of cocaine, including the derivative drug "crack." However, in all other respects the offense is as the General Assembly says it is—a Class 1 misdemeanor.

Following *State v. Jones*, the plain language of the statute, and the applicable rules of statutory interpretation, we are compelled to follow the clear mandate of the General Assembly—possession of a Schedule II controlled substance (cocaine) is a Class 1 misdemeanor. N.C. Gen. Stat. § 90-95(d)(2). Since the General Assembly classifies possession of cocaine as a misdemeanor, it follows that it may not be used as a felony to support convictions for possession of a firearm by a felon and being an habitual felon.

Vacated.

Judges TIMMONS-GOODSON and ELMORE concur.