MARTIN, Chief Judge.
 

 Defendant Boyd Bostick was charged with felonious possession of cocaine and attaining habitual felon status. He appeals from the judgment entered upon his conviction by a jury of both charges.
 

 The evidence presented by the State showed that Richmond County Deputy Sheriff Mark Gulledge arrested defendant on 7 February 2002. Gulledge was attempting to serve a warrant on Charles Nicholson, who lived approximately one block away from the site of defendant's arrest. While searching for Nicholson, Gulledge observed defendant talking to two people sitting in a car. A fellow police officer and Nicholson's neighbors described Nicholson as a forty to fifty-year-old black male wearing military clothing, including combat boots, who traveled everywhere on foot.Gulledge thought defendant was Nicholson, because defendant was a black male traveling on foot, of approximately the described age, wearing a military style jacket and "combat boots." Gulledge approached the car against which defendant was leaning and asked defendant several questions, including his name. The people in the car stated that they did not know defendant's name. Defendant did not respond to Gulledge's questions, but became "nervous" while Gulledge spoke with him. Gulledge informed defendant that he believed defendant was the man he was looking for. Gulledge began to handcuff defendant's wrists. When Gulledge grabbed defendant's left wrist, defendant's left fist opened and he dropped a substance later identified as a rock of crack cocaine.
 

 After the prosecutor completed his direct examination of Deputy Gulledge during trial, defendant told the trial court that he wanted to handle his own case. The trial court reassured defendant that his counsel was trying to protect defendant's rights and offered to give defendant time to confer with his attorney about Gulledge's cross-examination, but defendant refused. Defendant did not create any further disruptions during the first phase of the trial. The jury found defendant guilty of the cocaine possession charge.
 

 The trial court proceeded with the habitual felon trial on the same day. Defense counsel indicated that defendant would plead guilty to the habitual felon charge. However, when questioned by the trial court, defendant indicated that he did not understand his plea. As a result, the trial court ordered that defendant wouldhave a jury trial on the habitual felon charge. During the State's presentation of evidence, defendant disrupted the proceedings by attempting to stab himself with a ballpoint pen. After this episode, defendant argued with the trial court at length about the unfairness of his trial and the trial court's denial of his motion for "discontinuance." Defendant also questioned a testifying witness, despite the trial court's instruction to allow defense counsel to ask questions for defendant. Defendant again interrupted with an outburst at the conclusion of his attorney's closing argument. The trial court ordered defendant removed from the courtroom during jury instructions, but allowed defendant to return for the verdict. The jury found that defendant had attained habitual felon status. Defendant was sentenced to a term of imprisonment of not less than 180 months and not more than 280 months.
 

 Defendant brings forward four of the fourteen assignments of error contained in the record on appeal. Those assignments of error not cited within defendant's brief are deemed abandoned.
 
 See
 
 N.C. R. App. P. 28(a).
 

 Defendant first assigns error to the trial court's determination of his prior criminal record level. The trial court assigned defendant fifteen prior record points and sentenced defendant as a prior record level five offender. Defendant asserts that the prior record worksheet incorrectly included two record points that raised defendant's record level, resulting in a longersentence of imprisonment. We note that defendant neither objected to the offenses listed on the prior record level worksheet nor objected to his sentence. In fact, defendant stipulated that the prior record level worksheet was correct. However, even if no objection has been made in the trial court, appellate review of a trial court's determination of a prior record level is available when the sentence is "unauthorized at the time imposed . . . ." N.C. Gen. Stat. § 15A-1446(d)(18)(2003). We agree that one point was erroneously included in defendant's prior record level, resulting in defendant being assigned an incorrect prior record level. Thus, we must vacate the judgment entered and remand for a new sentencing hearing.
 

 The Prior Record Level Worksheet indicated that one record point was added to defendant's record level as a result of his conviction for misdemeanor larceny in 91 CRS 4252. However, the misdemeanor larceny charge in 91 CRS 4252 had been voluntarily dismissed by the State. The one record point associated with the misdemeanor larceny conviction should not have been included on the prior record level worksheet.
 

 Defendant also disputes the addition of one prior record point because "all the elements of the present offense are included in any prior offense." Defendant argues that his "present offense" includes both his indictment for felonious possession of cocaine and his indictment as an habitual felon. We disagree. Our courts have held repeatedly that being an habitual felon is not a substantive offense or separate crime, but a status.
 
 State v.Allen,
 

 292 N.C. 431
 
 ,
 
 233 S.E.2d 585
 
 (1977);
 
 State v. Creason,
 

 123 N.C. App. 495
 
 ,
 
 473 S.E.2d 771
 
 (1996),
 
 aff'd per curiam,
 

 346 N.C. 165
 
 ,
 
 484 S.E.2d 525
 
 (1997);
 
 State v. Penland,
 

 89 N.C. App. 350
 
 ,
 
 365 S.E.2d 721
 
 (1988);
 
 State v. Thomas,
 

 82 N.C. App. 682
 
 ,
 
 347 S.E.2d 494
 
 (1986),
 
 cert. denied,
 

 320 N.C. 637
 
 ,
 
 360 S.E.2d 102
 
 (1987). Accordingly, possession of cocaine was defendant's only "present offense." All of the elements of felonious possession of cocaine were necessarily included in his several prior offenses of felonious possession of cocaine with intent to sell or deliver. Therefore, the addition of the prior record point for "all elements included in a prior offense" was not error.
 
 See
 
 N.C. Gen. Stat. § 15A-1340.14(b)(6)(2003).
 

 Defendant submitted a memorandum of additional authority questioning the trial court's subject matter jurisdiction to enter judgment assigning defendant habitual felon status. A memorandum of additional authority should not be used to present a new argument. See N.C. R. App. P. 28(g);
 
 Whitaker v. Akers,
 

 137 N.C. App. 274
 
 , 281,
 
 527 S.E.2d 721
 
 , 726 (2000). However, since this jurisdictional question may be properly raised at any time, without the necessity of an objection at trial,
 
 see
 
 N.C. Gen. Stat. § 15A-1446(d)(1), we will address the issue.
 

 Citing the recent decision of this Court in
 
 State v. Jones,
 

 161 N.C. App. 60
 
 ,
 
 588 S.E.2d 5
 
 (2003), defendant argues the trial court did not have jurisdiction to sentence him as an habitual felon based upon his prior convictions for possession of cocaine because that offense is a misdemeanor rather than a felony. However, our Supreme Court has reversed
 
 Jones,
 
 concluding "possession of cocaine is a felony and therefore can serve as an underlying felony to an habitual felon indictment."
 
 Jones,
 
 __ N.C. ___, ___, ___ S.E.2d ___, ____ (June 25, 2004)(No. 591PA03). Accordingly, the trial court had jurisdiction to enter the judgment assigning defendant the status of habitual felon. This assignment of error is overruled and we find no error in defendant's conviction as an habitual felon.
 

 The remainder of defendant's assignments of error consist of alleged errors related to defendant's sentencing hearing and a clerical error on the judgment. Because we have remanded for a new sentencing hearing, any error created during the original hearing is immaterial and may not recur at re-sentencing. Accordingly, we need not address defendant's remaining assignments of error.
 

 No error in part, vacated in part, and remanded for a new sentencing hearing.
 

 Judges STEELMAN and GEER concur.
 

 Report per Rule 30(e).