TYSON, Judge.
Keith Tobias Banner ("defendant") appeals from a judgment finding him to have attained the status of being an habitual felon. We affirm.
I. Background
By a true bill of indictment, defendant was charged with possession with intent to sell and deliver a controlled substance and sale and delivery of a controlled substance. In a separate indictment, defendant was charged with having attained habitual felon status. One of the three felonies which triggered the habitual felon indictment was a 13 February 1991 conviction in Caldwell County Superior Court for felony possession of cocaine. Citing this Court's decisions in State v. Jones, 161 N.C. App. 60,588 S.E.2d 5 (2003) and State v. Sneed, 161 N.C. App. 331, 588 S.E.2d 74 (2003), defendant moved to dismiss the habitual felon indictment on the grounds that his possession of cocaine conviction is classified as a misdemeanor and could not be used as an underlying felony in the habitual felon indictment. The trial court denied the motion. Defendant subsequently pled guilty to the sale of cocaine and to having attained the status of an habitual felon. Pursuant to a plea agreement, defendant reserved his right to seek appellate review of the trial court's denial of his motion to dismiss the habitual felon indictment. After the trial court sentenced defendant as a Class C felon to seventy-two to ninety-six months imprisonment, defendant made an oral motion for appropriate relief, again arguing that his possession of cocaine conviction could not be used as an underlying felony in the habitual felon indictment. The trial court denied the motion. Defendant appeals.
II. Issue
Defendant contends his habitual felon indictment was invalid because one of the three convictions relied upon by the State to enhance his status to an habitual felon was for possession of cocaine, which is classified as a misdemeanor under N.C. Gen. Stat. § 90-95(d)(2).
III. Possession of Cocaine is a Felony
Defendant cites our decisions in Jones and Sneed, as his authority for his interpretation of N.C. Gen. Stat. § 90-95 (d)(2). This Court's decisions in Jones and Sneed were overruled by our Supreme Court in State v. Jones, 358 N.C. 473, 598 S.E.2d 125(2004). See also State v. Sneed, 358 N.C. 538, 599 S.E.2d 365 (2004) (reversed "[p]ursuant to this Court's opinion in State v. Jones, [358 N.C. 473, 598 S.E.2d 125 (2004)]"). In Jones, our Supreme Court makes it clear that N.C. Gen. Stat. § 90-95(d)(2) classifies possession of cocaine as a felony and is sufficient to serve as an underlying felony for an habitual felon indictment. Jones, 358 N.C. 473, 598 S.E.2d 125. Defendant's assignment of error is overruled.
IV. Conclusion
The trial court properly sentenced defendant as an habitual felon.
Affirmed.
Judges WYNN and GEER concur.
Report per Rule 30(e).