LEVINSON, Judge.
Defendant (Gary Finch) appeals convictions of felony breaking and/or entering, felony larceny, felony possession of stolen goods, and being an habitual felon. For the reasons that follow, we find no error in part, arrest judgment in part, and remand for resentencing.
The State's evidence tended to show the following: On or around 9 September 2001, a break in occurred at the home of Claire Carter (Carter), outside the town of Aurora, in Beaufort County, North Carolina. Items were stolen, including some of Carter's jewelry and a five gallon plastic water jug full of coins. Other evidence included the following: Defendant lived about 100 yardsfrom Carter and had been in Carter's house several times where he had an opportunity to observe the stolen items. The day before the break-in, defendant suggested to Carter that she should lock up her dog. After the break-in, Carter observed that the tall grass between her house and the defendant's house was disturbed. The grass was trampled in an intermittent pattern, consistent with someone having dragged a heavy object, such as a water jug full of coins, through the yard. A few days after the break-in, defendant was seen in Aurora with a plastic jug full of coins concealed behind bushes in a vacant lot or alley. Thomas Earl Cratch testified that defendant asked him if he knew where he could "get rid of" the jug full of coins, in exchange for crack cocaine. Cratch also testified that the plastic jug was similar to one that Carter identified as being the same size and shape as the one stolen from her.
After presentation of evidence by the State and defendant, the jury convicted defendant of felonious larceny, felonious possession of stolen goods and felonious breaking and/or entering. The jury also found defendant had attained habitual felon status. Subsequently, the trial court consolidated the offenses into one judgment and sentenced defendant as an habitual felon. From these judgments and convictions, defendant appeals.
Defendant first contends the trial court erred by denying his motion to dismiss the charges of larceny, possession of stolen goods and breaking and/or entering. Upon defendant's motion to dismiss for insufficiency of the evidence, the trial court mustdetermine "whether there is substantial evidence of each essential element of the offense charged and of the defendant being the perpetrator of the offense." State v. Crawford, 344 N.C. 65, 73, 472 S.E.2d 920, 925 (1996). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." State v. Williams, 133 N.C. App. 326, 328, 515 S.E.2d 80, 82 (1999) (citation omitted). However, the trial court's review of a motion to dismiss "is 'concerned only with the legal sufficiency of the evidence to support a verdict, not its weight, which is a matter for the jury.'" State v. Sokolowski, 351 N.C. 137, 143, 522 S.E.2d 65, 69 (1999) (quoting State v. Blake, 319 N.C. 599, 604, 356 S.E.2d 352, 355 (1987)). Further, evidence is considered in the light most favorable to the State, giving the State the benefit of every reasonable inference from that evidence. State v. Lucas, 353 N.C. 568, 581, 548 S.E.2d 712, 721 (2001). "If there is substantial evidence _ whether direct, circumstantial, or both _ to support a finding that the offense charged has been committed and that the defendant committed it, the case is for the jury and the motion to dismiss should be denied." State v. Locklear, 322 N.C. 349, 358, 368 S.E.2d 377, 383 (1988).
To obtain a conviction for felonious breaking and/or entering pursuant to N.C.G.S. § 14-54(a) (2003), the State must present substantial evidence that the defendant (1) broke or entered, (2) the building of another, (3) with intent to commit a felony therein. Conviction of felonious larceny under N.C.G.S. § 14-72 (2003) requires substantial evidence that defendant (1) took andcarried away, (2) the property of another, (3) without the owner's consent, and (4) with the intent to permanently deprive the owner. Larceny committed in connection with a violation of G.S. § 14-54 is a felony, regardless of the value of the stolen property. "The essential elements of possession of stolen property are: (1) possession of personal property; (2) which has been stolen; (3) the possessor knowing or having reasonable grounds to believe the property to have been stolen; and (4) the possessor acting with a dishonest purpose." State v. Perry, 305 N.C. 225, 233, 287 S.E.2d 810, 815 (1982).
In the instant case, there was evidence from which the jury could find that: (1) defendant lived in a house located behind Carter's house, separated only by a section of woods; (2) defendant knew Carter and had been to her house; (3) the day before the break-in, defendant suggested that Carter lock up her dog; (4) defendant saw Carter leaving for work on the morning of the break-in; (5) jewelry and a large water jug filled with coins were missing from Carter's house; (6) the tall grass behind Carter's house was disturbed along a path leading between her house and defendant's; (7) the trampled grass displayed an intermittent pattern, consistent with someone dragging a heavy jug full of coins through the yard; and (8) a few days after the break-in, defendant was furtively trying to trade a large water jug containing coins for crack cocaine.
We conclude that this evidence, taken in the light most favorable to the State, is sufficient to allow a reasonable finderof fact to find that: defendant broke into Carter's home with the intent to commit a felony therein; once inside the home, he took personal property belonging to Carter; and defendant later was in possession of goods stolen pursuant to the break-in. Accordingly, the trial court properly submitted the matter of defendant's guilt on these charges to the jury. This assignment of error is overruled.
Defendant next argues that his conviction for possession of cocaine could not be used as one of the three felony convictions relied upon by the State to enhance his status to habitual felon, because it is a misdemeanor under N.C.G.S. § 90-95(d)(2) (2003). Defendant's argument in this regard is based on our decision in State v. Sneed, 161 N.C. App. 331, 588 S.E.2d 74 (2003). However, Sneed was overruled by State v. Jones, 358 N.C. 473, 598 S.E.2d 125 (2004); See State v. Sneed, 358 N.C. 538, ___ S.E.2d __ (2004). In Jones, our Supreme Court expressly held that N.C.G.S. § 90-95(d)(2) classifies possession of cocaine as a felony and, is therefore, sufficient to serve as an underlying felony for an habitual felon. Accordingly, this assignment of error is overruled.
Finally, we address an error relating to the judgment in this case. Although defendant failed to assign it as error, we exercise our discretion under N.C.R. App. P. 2 to reach the merits of the issue. The trial court erred by entering judgment on both felony larceny and possession of stolen goods, as both were based on the taking and possession of the same items. See Perry, 305 N.C. at 233, 287 S.E.2d at 815. In Perry, the North Carolina Supreme Courtheld that, although a defendant may be indicted and tried on charges of larceny and possession of the same property, he may be convicted of only one of the two offenses. Id. at 236-37, 287 S.E.2d at 817 ("the Legislature did not intend to punish an individual for receiving or possession of the same goods that he stole"). Accordingly, judgment on possession of stolen property should be arrested. "Because consolidation of the convictions for judgment does not cure this error, we . . . remand for entry of judgment and sentencing on the larceny conviction." State v. Owens, 160 N.C. App. 494, 499, 586 S.E.2d 519, 523 (2003) (citing State v. Barnett, 113 N.C. App. 69, 78, 437 S.E.2d 711, 717 (1993)).
Judgment arrested on conviction of possession of stolen goods, and remanded for resentencing on remaining charges.
No error in part; arrest judgment in part; and remand for resentencing.
Judges TIMMONS-GOODSON and CALABRIA concur.
Report per Rule 30(e).