LEVINSON, Judge.
Defendant was charged with possession with intent to sell and deliver cocaine, and maintaining a vehicle for keeping and/or selling controlled substances on 19 February 2001. By a separate bill of indictment, defendant was charged with attaining the status of habitual felon. Defendant was also charged with possession with intent to sell and deliver cocaine, sale of cocaine, delivery of cocaine and perjury on 5 March 2001. Defendant pled guilty to all of the charges on 28 March 2001. The trial court continued sentencing until 2 April 2001. Defendant failed to appear for sentencing and, following his arrest, the trial court sentenced defendant as a Class C, record level II felon on the consolidatedcharges to a presumptive range sentence of 80 months to 105 months imprisonment. Defendant appeals.
Defendant contends the trial court erred in sentencing him as an habitual felon because his habitual felon indictment was invalid. Defendant first argues that his habitual felon indictment was invalid because it did not allege the predicate substantive offense with which he was being charged. Our Supreme Court, however, has held that, under the Habitual Felons Act, a habitual felon indictment is not required to specifically refer to the predicate substantive felony. See State v. Cheek, 339 N.C. 725, 728, 453 S.E.2d 862, 864 (1995); N.C.G.S. § 14-7.3 (2003). Defendant's assignment of error is overruled.
Defendant next argues that his habitual felon indictment was invalid because one of the three convictions relied upon by the State to enhance his status to habitual felon was for possession of cocaine, which was classified as a misdemeanor under N.C.G.S. § 90-95(d)(2). Defendant cites our decisions in State v. Jones, 161 N.C. App. 60, 588 S.E.2d 5, rev'd, ___ N.C. ___, ___ S.E.2d ___, (2004), and State v. Sneed, 161 N.C. App. 331, 588 S.E.2d 74, rev'd, ___ N.C. ___, 598 S.E.2d 125 (2004) as his authority for his interpretation of N.C.G.S. § 90-95 (d)(2). Our decisions in Jones and Sneed, however, were overruled by our Supreme Court in State v. Jones, ___ N.C. ___, 598 S.E.2d 125 (2004), and State v. Sneed, ___ N.C. ___, ___ S.E.2d ___ (2004) (reversed "pursuant to this Court's opinion in State v. Jones ___ N.C. ___, ___ S.E.2d ___ (June 25, 2004) (No. 591PA03)". In Jones, our Supreme Court made it clear that N.C.G.S. § 90-95(d)(2) classifies possession of cocaine as a felony. It is, therefore, sufficient to serve as an underlying felony for an habitual felon indictment. Accordingly, this assignment of error is overruled.
Defendant finally contends he received ineffective assistance of counsel because his trial counsel failed to move to dismiss his invalid habitual felon indictment. A defendant's right to appeal a conviction is "purely statutory." State v. Shoff, 118 N.C. App. 724, 725, 456 S.E.2d 875, 876 (1995), aff'd, 342 N.C. 638, 466 S.E.2d 277 (1996) "[U]nder N.C.G.S. § 15A-1444(e), a defendant who has entered a plea of guilty is not entitled to appellate review as a matter of right, unless the defendant is appealing sentencing issues or the denial of a motion to suppress, or the defendant has made an unsuccessful motion to withdraw the guilty plea." State v. Pimental, 153 N.C. App. 69, 73, 568 S.E.2d 867, 870 (2002) (citing State v. Dickson, 151 N.C. App. 136, 564 S.E.2d 640 (2002)). Defendant is not entitled to appellate review as a matter of right because his arguments do not involve sentencing issues or the denial of a motion to suppress, and defendant did not move to withdraw his guilty plea. Accordingly, we dismiss this assignment of error.
No error.
Judges TIMMONS-GOODSON and CALABRIA concur.
Report per Rule 30(e).