STEELMAN, Judge.
Defendant Nathan Owen Chance pled guilty pursuant to a plea agreement to the second degree murder of his wife. Defendant stipulated to a factual basis for the plea and the State offered a factual summary. The court found that a factual basis existed for entry of the plea and accepted defendant's guilty plea. The court then sentenced defendant, who had a prior record level of IV, to a mitigated range sentence of 171 to 215 months imprisonment. Defendant's counsel states that "[a]fter repeated and close examination of the record and review of relevant law, counsel is unable to identify an issue with sufficient merit to support a meaningful argument for relief on appeal" and asks this Court toreview the record for possible prejudicial error.
Counsel has shown to the satisfaction of this Court that he has complied with the requirements of Anders v. California, 386 U.S. 738, 18 L. Ed. 2d 493, reh'g denied, 388 U.S. 924, 18 L. Ed. 2d 1377 (1967), and State v. Kinch, 314 N.C. 99, 331 S.E.2d 665 (1985), by advising defendant of his right to file written arguments with this Court and providing him with documents necessary for him to do so. Defendant has filed written arguments on his own behalf with this Court, and this Court has thoroughly examined them.
Defendant argues in his pro se submission that his counsel was ineffective, that he was improperly allowed to agree to the plea while under the influence of prescription medication, and that he is uncertain whether he was sentenced at the proper prior record level.
A defendant who pleads guilty has a right of appeal limited to the following:
1. Whether the sentence "is supported by the evidence." This issue is appealable only if his minimum term of imprisonment does not fall within the presumptive range. N.C. Gen. Stat. § 15A-1444(a1) (2001);
2. Whether the sentence "results from an incorrect finding of the defendant's prior record level under G.S. 15A-1340.14 or the defendant's prior conviction level under G.S. 15A-1340.21." N.C. Gen. Stat. § 15A-1444(a2)(1) (2001);
3. Whether the sentence "contains a type of sentence disposition that is not authorized by G.S. 15A-1340.17 or G.S. 15A-1340.23 for the defendant's class of offense and prior record or conviction level." N.C. Gen. Stat. § 15A-1444(a2)(2) (2001);
4. Whether the sentence "contains a term of imprisonment that is for a duration not authorized by G.S. 15A-1340.17 or G.S. 15A-1340.23 for the defendant's class of offense and prior record or conviction level." N.C. Gen. Stat. § 15A-1444(a2)(3) (2001);
5. Whether the trial court improperly denied defendant's motion to suppress. N.C. Gen. Stat. §§ 15A-979(b)(2001), 15A-1444(e) (2001);
6. Whether the trial court improperly denied defendant's motion to withdraw his guilty plea. N.C. Gen. Stat. § 15A-1444(e).
State v. Jones, 161 N.C. App. 60, 62, 588 S.E.2d 5, 8 (2003), reversed and remanded in part on different grounds by 358 N.C. 473, 598 S.E.2d 125 (2004). The only issue defendant argues to this Court that we have jurisdiction to consider is whether he was sentenced at the proper prior record level. The other two issues are not properly before this Court. State v. Nance, 155 N.C. App. 773, 574 S.E.2d 692 (2003). We note that the appropriate avenue for defendant to assert this claim of ineffective assistance of counsel is by a motion for appropriate relief to the superior court. State v. Fair, 354 N.C. 131, 167, 557 S.E.2d 500, 525 (2001).
In his submission, defendant states: "My prior worksheet level is level IV which I feel was incorrect because I was given a level V, but on the commitment papers I'm a level IV so I really don't know which level I am." The prior record worksheet is not included in the record. Defendant's judgment and commitment indicates he was sentenced at level IV from the mitigated range. There is nothing in the record suggesting that defendant was sentenced at the wrong level. Further, because sentencing at level V is moresevere than that at level IV, even if defendant is correct that he was sentenced at the wrong prior record level, he cannot have been prejudiced thereby. We find that defendant's arguments are without merit.
In accordance with Anders, we must fully examine the record to determine whether any issues of arguable merit appear therefrom or whether the appeal is wholly frivolous. We conclude the appeal is wholly frivolous. In reaching this conclusion, we have conducted our own examination of the record for possible prejudicial error and have found none.
NO ERROR.
Judges HUNTER and ELMORE concur.
Report per Rule 30(e).