MARTIN, Chief Judge.
On 16 February 2004, the Alamance County grand jury indicted defendant on charges of selling cocaine and possession with intent to sell and deliver cocaine, and it also charged him with being an habitual felon. Defendant filed a motion on 10 March 2004 to dismiss the habitual felon indictment. After the trial court denied defendant's motion to dismiss on 25 March 2004, defendant entered a plea of guilty to the charges pursuant to a plea arrangement and admitted his habitual felon status. Under the terms of the plea arrangement, defendant would be sentenced to a term of 121 to 155 months imprisonment. He also sought to preserve his right to appeal a jurisdictional issue based upon State v.Jones, 161 N.C. App. 60, 588 S.E.2d 5 (2003), reversed and remanded, 358 N.C. 473, 598 S.E.2d 125 (2004), which defendant had raised in his motion to dismiss. The trial court accepted defendant's plea and sentenced him in accordance with the terms of the plea arrangement. From the trial court's judgment, defendant appeals.
Defendant's counsel brings forward one question on appeal but presents no arguments in defendant's brief. He states that he "has conducted a review of defendant's plea proceeding transcript, all relevant documents . . . and the applicable statutes and case law" and "was unable to find a colorable issue upon which to argue error." Counsel "requests the Court fully examine the record on appeal for possible prejudicial error and to determine whether counsel overlooked any issue."
By letter dated 21 July 2004, defendant's counsel informed defendant that in his opinion there was no error in defendant's trial and that defendant could file his own arguments in this Court if he so desired. Copies of the transcript, record, and the brief filed by counsel were sent to defendant. Defendant has filed no arguments in this Court.
We hold that defendant's counsel has substantially complied with the holdings in Anders v. California, 386 U.S. 738, 18 L. Ed. 2d 493, reh'g denied, 388 U.S. 924, 18 L. Ed. 2d 1377 (1967), and State v. Kinch, 314 N.C. 99, 331 S.E.2d 665 (1985). Pursuant to Anders and Kinch, we must determine from a full examination of all the proceedings whether the appeal is wholly frivolous. Uponreview of the entire record and of the assignments of error noted in the record, we find the appeal to be wholly frivolous. Defendant received a fair trial, free from prejudicial error.
No error.
Judges McCULLOUGH and CALABRIA concur.
Report per Rule 30(e).