**STATE v. MUNDINE**

[122 N.C. App. 707 (1996)]

STATE OF NORTH CAROLINA v. GREGORY MUNDINE

No. COA95-248

(Filed 18 June 1996),

**Constitutional Law § 342 (NCI4th)— exclusion of plaintiff from conference in camera—defense counsel present— right of defendant to be present at every stage of trial not violated**

Defendant's right to be present at every stage of his trial was not violated by his exclusion from a conference *in camera* which included defendant's court-appointed counsel, the assistant district attorney, and an attorney whom defendant wished to have represent him, since the matters discussed in the conference involved replacing the court-appointed attorney with defendant's privately retained attorney and the court's refusal to grant a continuance to allow the privately retained attorney to prepare for trial; both of those decisions were discretionary; there was no abuse of discretion in this case; and there was no showing that defendant's presence would have a reasonably substantial relation to his opportunity to defend himself.

**Am Jur 2d, Criminal Law §§ 692 et seq., 901 et seq.**

Appeal by defendant from judgments and commitments entered 27 October 1994 by Judge Quentin T. Sumner in Jones County Superior Court. Heard in the Court of Appeals 24 October 1995.

*Attorney General Michael F. Easley, by Special Deputy Attorney General Mabel Y. Bullock for the State.*

*Appellate Defender Malcolm Ray Hunter, Jr., by J. Michael Smith for defendant-appellant.*

McGEE, Judge.

On 26 August 1993, Gary Scott Austin stopped at a Jones County store, Annie's One Stop, to speak with defendant about a debt which Austin owed to defendant. Heated words and threats were exchanged and the discussion escalated into violence. Austin was shot in his neck and shoulder. He was driven to the Sheriff's Department where he collapsed on the floor. Austin was eventually taken to the hospital where he received medical treatment for several days.

Defendant was later indicted for: (1) assault with a deadly weapon with intent to kill inflicting serious injury against Gary Austin; (2) discharging a firearm into a vehicle occupied by Gary Austin; and (3) communicating threats against Lessie Barfield, a dispatcher at the Jones County Sheriff's Department. The case was heard before Judge Quentin T. Sumner during the 22 October 1994 Criminal Session of Jones County Superior Court. Although there was conflicting testimony as to whether defendant shot and wounded Austin, the jury found defendant guilty on all charges and on 27 October 1994, Judge Sumner entered judgment sentencing defendant to consecutive terms of 20 years for assault with a deadly weapon with intent to kill inflicting serious injury; 10 years for discharging a firearm into an occupied vehicle; and 6 months for communicating threats. From these judgments and commitments, defendant appeals.

Defendant contends the trial court committed prejudicial error when it conducted a conference *in camera* which excluded defendant, but included defendant's court-appointed counsel, the assistant district attorney, and an attorney whom defendant wished to have represent him. Defendant argues this conference violated federal and state constitutional liberties which guarantee him the right to be present at every stage of his trial. After careful review of the record and briefs, we conclude there was no violation of defendant's constitutional rights.

Under the United States Constitution, the Due Process and Confrontation Clauses grant a defendant the right to be present in the courtroom during his trial. *Illinois v. Allen*, 397 U.S. 337, 338, 25 L. Ed. 2d 353, 356, *reh'g denied*, 398 U.S. 915, 26 L. Ed. 2d 80 (1970); *See also United States v. Gagnon*, 470 U.S. 522, 526, 84 L. Ed. 2d 486, 490, *reh'g denied*, 471 U.S. 1112, 85 L. Ed. 2d 865 (1985). This right is required of the states through the Fourteenth Amendment to the federal constitution. *Pointer v. Texas*, 380 U.S. 400, 401, 13 L. Ed. 2d 923, 924 (1965). Courts often consider the test for a due process violation of the federal constitutional right to presence to be "whether defendant's presence at the conference would have had a reasonably substantial relation to his opportunity to defend himself." *State v. Buchanan*, 330 N.C. 202, 216-17, 410 S.E.2d 832, 840 (1991).

Our state constitutional guarantee of a defendant's right to presence is broader than the federal right. *Buchanan*, 330 N.C. at 217, 410 S.E.2d at 840-41. Article I § 23 of the North Carolina Constitution guarantees an accused the right to be present "at every stage of his

trial," not just during critical stages of the trial. *Buchanan*, 330 N.C. at 217, 410 S.E.2d at 841 (emphasis omitted). The *Buchanan* Court addressed a defendant's state constitutional right to presence at trial by saying:

> If . . . the subject matter of the conference implicates the defendant's confrontation rights, or is such that the defendant's presence would have a reasonably substantial relation to his opportunity to defend, the defendant would have a constitutional right to be present. The burden is on the defendant to show the usefulness of his presence in order to prove a violation of his right to presence.

*Buchanan*, 330 N.C. at 223-24, 410 S.E.2d at 845 (citations omitted).

During jury selection in this case, defense counsel informed the court that his client was dissatisfied with his services and that defendant wanted his lawyer to withdraw from the case so that he could retain the services of a privately retained attorney, Nick Harvey (Harvey). The court asked defendant for a clarification and defendant explained that he wanted to hire a private attorney, but all the lawyers he contacted, including Harvey, told him he must first have his court-appointed attorney released before they could represent him. After explaining to defendant that "[i]t works the other way around," the court stated that defendant could contact Harvey to see if he would be willing to represent defendant. Before making the telephone call, the court continued its discussion with defendant about defendant's dissatisfaction with his current lawyer. Defendant explained that he felt he had already been tried and convicted and that his lawyer had indicated that "if I don't take 10 years you're (the judge) going to give me 40 [years]." The court responded by assuring defendant that at this point, defendant was innocent. Additionally, the court stated:

> Now, let's get to the meat of the matter. No. 1, I am not releasing Mr. Henderson until Mr. Harvey comes in and says he represents you. No. 2, I am not discharging him to your dissatisfaction. The reasons are invalid. No. 3, there is no request to continue this case at this time. This case is for trial, will be tried today, sir, to fruition. All right? Now, I've addressed those three matters, Mr. Mundine, if there's something else that you want to say, say it. I don't want to talk about those three matters anymore.

Defendant continued to insist that he did not wish further representation by his court-appointed counsel. The court responded, "your choices are these, sir. . . . Either accept Mr. Henderson, or get another

lawyer, sir, or represent yourself." Defendant was then allowed to place his telephone call to Harvey. After returning to the courtroom, defendant advised the court that Harvey was "on his way." The court then proceeded with jury selection.

A short time later, Harvey arrived in the courtroom and the court took a brief recess to meet with counsel in chambers. The judge summarized the meeting for the record saying:

> Let the record reflect that during the jury selection process of this trial, State versus Gregory Patrick Mundine, that Attorney Nick Harvey from [the] Kinston Bar came to the courtroom and the Court took a brief recess and met with Mr. Harvey in chambers along with Mr. Greg Butler and Mr. Charles Chris Henderson. Mr. Harvey related to the Court in chambers that he had been in contact with the defendant, Gregory Patrick Mundine, that Mr. Mundine had not yet retained Mr. Harvey, but there had been some preliminary discussion regarding his taking of the case. Mr. Harvey impressed upon the Court that he was prepared to make an appearance in the matter, but was not prepared to try the case at this time, that he would be seeking a continuance.

> The Court advised Mr. Harvey that the Court would not look favorably upon a continuance in this matter in light of the fact that the matter is now for trial, the jury selection process was proceeding, that Mr. Butler had entered strong objections to a continuance. The Court finds as fact further that the defendant, Gregory Patrick Mundine was court appointed counsel on October 15, 1993, that Mr. Charles Chris Henderson was appointed at that time and Mr. Mundine has in fact had ample time in which to retain private counsel if he desired to do so. The Court thereupon advised Mr. Nick Harvey that he would not allow a continuance in the matter, that Mr. Harvey was free to make an appearance if he desired to do so. Mr. Harvey indicated to the Court that he declined that offer and he apprised Mr. Mundine of that fact.

Again, defendant vigorously restated his reservations about his court-appointed counsel. After again listening to defendant's concerns, the court proceeded with the trial with opening statements given by defense counsel and the prosecution.

Under these facts, defendant has failed to show that the *in camera* conference violated either his federal or state constitutional

STATE v. MUNDINE

[122 N.C. App. 707 (1996)]

rights. Prior to the *in camera* conference, the court had already rendered a decision about releasing defendant's court-appointed attorney and allowing Harvey to replace him. From the record, it appears the only new decision made during the conference was whether the court would grant a continuance of the case.

Both the decision to allow replacement of defense counsel and the ruling on a continuance motion are generally discretionary, unless the motions are based on federal or state constitutional rights. *State v. Sweezy*, 291 N.C. 366, 371-72, 230 S.E.2d 524, 529 (1976); *State v. Smathers*, 287 N.C. 226, 230, 214 S.E.2d 112, 114-15 (1975). The court's decision in these matters is only overturned by a showing the court abused its discretion. *Sweezy*, 291 N.C. at 371-72, 230 S.E.2d at 529. It appears the court would have allowed a replacement of defendant's court-appointed counsel but the attorney that defendant selected declined to represent him when a continuance of the trial was not granted. Judge Sumner said that during the *in camera* conference he indicated to all parties that "Mr. Harvey was free to make an appearance [on defendant's behalf] if he desired to do so." However, upon being advised the court would not allow a continuance of the case, the court stated Harvey "declined that offer and he apprised Mr. Mundine of that fact." Judge Sumner stated a continuance was inappropriate because defendant had been "court appointed counsel on October 15, 1993, . . . [and that defendant] had ample time in which to retain private counsel if he desired to do so." Under these circumstances, the court did not abuse its discretion in denying the motion for continuance.

We find the subject matter of the conference did not implicate defendant's confrontation rights and defendant has not shown that his presence would have "a reasonably substantial relation to his opportunity to defend" himself. *Buchanan*, 330 N.C. at 224, 410 S.E.2d at 845. Therefore, we overrule defendant's assignment of error.

No error.

Judges GREENE and MARTIN, Mark D. concur.