STATE v. TRUESDALE

[123 N.C. App. 639 (1996)]

---

STATE OF NORTH CAROLINA v. DERRICK TRUESDALE

No. COA95-896

(Filed 20 August 1996)

## Criminal Law §§ 1073.8, 1286 (NCI4th)— habitual felon status—prior record level—use of separate convictions obtained in same week—no error

Though the language and plain meaning of N.C.G.S. § 14-7.6 prohibit using the *same* conviction to establish both habitual

felon status and prior record level, and the language and plain meaning of N.C.G.S. § 15A-1340.14(d) prohibit the use of more than one conviction obtained during the same calendar week to increase defendant's prior record level, nothing in the statutes prohibits the court from using one conviction obtained in a single calendar week to establish habitual felon status and using another *separate* conviction obtained the same week to determine prior record level.

**Am Jur 2d, Habitual Criminals and Subsequent Offenders §§ 10, 14.**

Appeal by defendant from judgment entered 1 May 1995 by Judge Narley L. Cashwell in Wake County Superior Court. Heard in the Court of Appeals 16 April 1996.

Defendant pled guilty to possession with intent to sell cocaine and to his status as an habitual felon. Defendant's prior record included convictions of: 1) one count of assault with a deadly weapon in 1988; 2) two counts of common law robbery on 18 October 1988; 3) one count of possession with intent to sell and distribute cocaine and one count of possession of a firearm by a felon on 14 June 1991; and 4) one count of possession with intent to sell and distribute a counterfeit controlled substance and three counts of cocaine possession on 25 June 1992. The habitual felon indictment was based upon the following three felonies: 1) one of the convictions of common law robbery entered 18 October 1988; 2) the 14 June 1991 conviction for *possession with intent to sell and distribute cocaine;* and 3) the 25 June 1992 conviction for possession with intent to sell and distribute a counterfeit controlled substance.

The trial court determined defendant had eleven prior record points for sentencing purposes based on the following convictions: 1) the 1988 assault with a deadly weapon, a misdemeanor assigned one point under N.C. Gen. Stat. § 15A-1340.14(b)(5) (Cum. Supp. 1995); 2) one of the two 1988 common law robbery convictions, a Class H felony in 1988 but a Class G felony under N.C. Gen. Stat. § 14-87.1 (1993) at the time defendant committed the offense in this case, assigned four points pursuant to G.S. 15A-1340.14(b)(3); *See* G.S. 15A-1340.14(c) ("In determining the prior record level, the classification of a prior offense is the classification assigned to that offense at the time the offense for which the offender is being sentenced is committed."); 3) the 1991 conviction for possession of a firearm by a

STATE v. TRUESDALE

[123 N.C. App. 639 (1996)]

felon, a class I felony in 1991 but a Class H felony at the time of this offense under N.C. Gen. Stat. § 14-415.1(a) (1993 & Cum. Supp. 1995), assigned two points pursuant to G.S. 15A-1340.14(b)(4); 4) one of the three 25 June 1992 cocaine possession convictions, a class I felony under N.C. Gen. Stat. § 90-95(d) (1993 & Cum. Supp. 1995), assigned two points pursuant to G.S. 15A-1340.14(b)(4). The trial court added one point pursuant to G.S. 15A-1340.14(b)(6) because all of the elements of the offense of possession with intent to sell and distribute cocaine were also present in the prior conviction of possession with intent to sell and distribute cocaine. The trial court added an additional one point pursuant to G.S. 15A-1340.14(b)(7) because the offense was committed while defendant was on parole.

Based upon the eleven prior record points, pursuant to G.S. 15A-1340.17(c)(4) the court sentenced defendant as a category IV offender. As an habitual felon, defendant was sentenced as a Class C felon as required by N.C. Gen. Stat. § 14-7.6 (Cum. Supp. 1995). The court found four statutory mitigating factors and no aggravating factors. Upon finding the factors in mitigation outweighed the factors in aggravation, the court sentenced defendant to a minimum term of sixty-nine months and a maximum term of ninety-two months under the version of G.S. 15A-1340.14(c)(4) and (e) then in effect. (G.S. 15A-1340.14(c)(4) was amended effective 1 December 1995 to increase the minimum sentences for classes B2, C, and D.) From the judgment imposing this sentence, defendant appeals.

*Attorney General Michael F. Easley, by Assistant Attorney General Elizabeth Rouse Mosley, for the State.*

*Samuel L. Bridges for defendant-appellant.*

McGEE, Judge.

Defendant argues the trial court erred in using three of his felony convictions to increase his prior record level when each of those convictions had been consolidated for judgment with a felony conviction used to establish habitual felon status. We find no error in the trial court's sentencing.

In this case, defendant had previously been convicted of two felonies on 18 October 1988, two more felonies on 14 June 1991, and four felonies on 25 June 1992. The State used one conviction from each of the three days to prove habitual felon status. The trial court then used another conviction from each day to determine prior

record points. Defendant contends the court should not have used convictions consolidated with offenses used to establish habitual felon status to determine his prior record level.

Defendant bases this argument upon his interpretation of G.S. 14-7.6 and G.S. 15A-1340.14(d) as amended under the Structured Sentencing Act. G.S. 14-7.6 reads, in part: "In determining the prior record level, convictions used to establish a person's status as an habitual felon shall not be used." G.S. 15A-1340.14(d) states: "For purposes of determining the prior record level, if an offender is convicted of more than one offense in a single superior court during one calendar week, only the conviction for the offense with the highest point total is used." Defendant, presenting an issue of first impression before this Court, argues that because the same conviction cannot be used to establish habitual felon status and prior record level, and because separate convictions during the same calendar week cannot be used to determine prior record level, it follows that separate convictions during the same week cannot be used to establish both habitual felon status and prior record level. We disagree.

The language and plain meaning of G.S. 14-7.6 prohibits using the *same* conviction to establish both habitual felon status and prior record level. The language and plain meaning of G.S. 15A-1340.14(d) prohibits the use of more than one conviction obtained during the same calendar week to increase the defendant's prior record level. However, we find nothing in these statutes to prohibit the court from using one conviction obtained in a single calendar week to establish habitual felon status and using another *separate* conviction obtained the same week to determine prior record level.

The previous version of G.S. 14-7.6 allowed the same prior conviction to be used to establish habitual felon status and as an aggravating factor increasing the presumptive sentence. *See, e.g., State v. Roper*, 328 N.C. 337, 363, 402 S.E.2d 600, 615, *cert. denied*, 502 U.S. 902, 116 L. Ed. 2d 232 (1991). The General Assembly amended G.S. 14-7.6 effective 1 January 1995 to prohibit the use of the same conviction to establish both habitual felon status and prior record level. Had the General Assembly also wished to prohibit the use of separate convictions within the same week for both purposes, they could have done so. Therefore, this assignment of error is overruled.

Defendant also argues the trial court erroneously failed to find as a mitigating factor pursuant to N.C. Gen. Stat. § 15A-1340.16(e)(19) (Cum. Supp. 1995) that he had a positive employment history or was

gainfully employed. Defendant presented evidence of his employment history which was uncontradicted by the State. "The trial court is required to find a statutory mitigating factor . . . if the evidence supporting that factor is uncontradicted and there is no reason to doubt its credibility." *State v. Hood*, 332 N.C. 611, 623, 422 S.E.2d 679, 685 (1992), *cert. denied*, 507 U.S. 1055, 123 L. Ed. 2d 659 (1993). The State concedes defendant was entitled to this mitigating factor. However, defendant cannot show he was prejudiced by the trial court's failure to find this factor.

The court found the mitigating factors outweighed the aggravating factors and sentenced defendant to the lowest mitigated minimum term available for a category IV Class C felon under the version of G.S. 15A-1340.17(c)(4) then in effect. Therefore, even if the court had properly found the additional mitigating factor, the court still could not have sentenced defendant to a minimum term less than the sixty-nine month minimum term he received. As a result, defendant suffered no prejudice.

For the reasons stated, we find no prejudicial error in defendant's sentencing.

No Error.

Judges EAGLES and LEWIS concur.