**STATE v. McCRAE**

[124 N.C. App. 664 (1996)]

STATE OF NORTH CAROLINA v. SAMUEL M. McCRAE

No. COA96-214

(Filed 3 December 1996)

**Criminal Law § 1093 (NCI4th Rev.)— sentencing—prior record level—habitual felon status—use of consolidated judgment**

The trial court did not err when it determined defendant's prior record level pursuant to N.C.G.S. § 15A-1340.14 by assigning points for a prior conviction which was consolidated for judgment with a conviction already used to constitute defendant as an habitual felon.

**Am Jur 2d, Habitual Criminals and Subsequent Offenders §§ 7, 29.**

**Determination of character of former crime as a felony, so as to warrant punishment of an accused as a second offender. 19 ALR2d 227.**

Appeal by defendant from judgment entered 27 October 1995 by Judge Orlando F. Hudson, Jr. in Durham County Superior Court. Heard in the Court of Appeals 29 October 1996.

*Attorney General Michael F. Easley, by Associate Attorney General Teresa F. Harris, for the State.*

*Jay H. Ferguson for defendant-appellant.*

WALKER, Judge.

Defendant contends that the trial court erred when it determined his prior record level pursuant to N.C. Gen. Stat. § 15A-1340.14 (1995) by assigning points for a prior conviction which was consolidated for judgment with a conviction already used to constitute defendant as an habitual felon. Defendant makes the following argument: (1) A trial judge can assign points for only one conviction with the highest point total for multiple convictions entered in the same week; but (2) a trial judge may not assign points for prior convictions used to establish habitual felon status; (3) the General Assembly intended for a trial judge to use only one conviction handed down per week for habitual felon status, as appropriate, to enhance an offender's sentence; therefore, (4) the trial judge may not do an end run around these prohibitions by using a conviction for prior record level calcu-

**STATE v. McCRAE**

[124 N.C. App. 664 (1996)]

lation gained in the same week in which a consolidated conviction was already used to establish habitual felon status.

On 15 February 1988, defendant pled guilty to two counts of assault with a deadly weapon inflicting serious injury and the convictions were consolidated for judgment. By an indictment dated 6 February 1995, defendant was alleged to be an habitual felon in that he previously committed three felonies, one of which was an assault with a deadly weapon inflicting serious injury (convicted 15 February 1988). Further, in calculating defendant's prior record level, the trial court assigned four points for a prior Class E felony (the second count of assault with a deadly weapon inflicting serious injury from 15 February 1988).

Defendant's assertion that consolidation of two convictions for judgment results in only one conviction for sentencing purposes is without merit. Consolidation of offenses for judgment means only that convictions are consolidated for the purpose of rendering judgment, each conviction still stands.

This Court has recently decided a similar issue in *State v. Truesdale*, No. 123 N.C. App. 639, 642, 473 S.E.2d 670, 672 (1996), where the Court held that: ". . . G.S. 14-7.6 prohibits using the same conviction to establish both habitual felon status and prior record level [and] . . . G.S. 15A-1340.14 (d) prohibits the use of more than one conviction obtained during the same calendar week to increase the defendant's prior record level." However, the sentencing court could use one of defendant's convictions obtained in a single calendar week to establish his habitual felon status and could use another separate conviction, obtained during the same week, [consolidated for judgment] to determine his prior record level. *Id.* Thus, the trial court here did not err in sentencing the defendant.

No error.

Judges LEWIS and SMITH concur.