CALABRIA, Judge.
Charles Edward Johnson ("defendant") asserts on appeal that he was improperly sentenced by the trial court for his conviction of possession of cocaine and guilty plea to habitual felon status. We find no error.
On 26 March 2003, a jury found defendant guilty of possession of cocaine, and defendant entered a plea of guilty to the status of being an habitual felon. One of the three predicate felony convictions for defendant's habitual felon status was a conviction for second-degree rape on 6 January 1986. In determining defendant's prior record level points for sentencing as an habitual felon, the trial court included a conviction for indecent liberties with a child, which had the same conviction date and case number asthe second-degree rape conviction. Based on his eighteen total prior record level points, the trial court adjudged defendant an habitual felon with a Prior Record Level V and sentenced him to a minimum of 135 and a maximum of 171 months.
Defendant first asserts the trial court erred by sentencing him as an habitual felon because the underlying felony at issue, possession of cocaine, is a misdemeanor. In support of this assertion, defendant relies on two opinions by this Court, State v. Jones, 161 N.C. App. 60, 588 S.E.2d 5 (2003), stay granted, 357 N.C. 660, 589 S.E.2d 882 (2004), and State v. Sneed, 161 N.C. App. 331, 588 S.E.2d 74 (2003), stay granted, 357 N.C. 661, 589 S.E.2d 883 (2004) (holding that possession of cocaine is a misdemeanor and thus an improper basis for an habitual felon indictment). However, our Supreme Court has recently reviewed and reversed Jones and Sneed, holding "the offense of possession of cocaine is classified as a felony for all purposes." State v. Jones, N.C., 598 S.E.2d 125, 133 (2004).
Defendant's second assertion is that the trial court erred in determining his prior record level points by including his conviction for indecent liberties with a child. Specifically, he argues the indecent liberties conviction and rape conviction, because they were based on the same conduct, were so closely related as to constitute the same conviction for purposes of the habitual felon act. Thus, under N.C. Gen. Stat. § 14-7.6 (2003), the rape conviction could not be used to establish his status as anhabitual felon and the indecent liberties conviction also used in calculating his prior record level points. We disagree.
Under N.C. Gen. Stat. § 14-7.6, "[i]n determining [an habitual felon's] prior record level, convictions used to establish a person's status as an habitual felon shall not be used." "The language and plain meaning of G.S. 14-7.6 prohibits using the same conviction to establish both habitual felon status and prior record level." State v. Truesdale, 123 N.C. App. 639, 642, 473 S.E.2d 670, 672 (1996). See also State v. McCrae, 124 N.C. App. 664, 478 S.E.2d 210 (1996); State v. Lee, 150 N.C. App. 701, 564 S.E.2d 597, disc. rev. denied, 356 N.C. 171, 568 S.E.2d 856 (2002). In the instant case, the convictions at issue are two separate convictions. The statute in no way prohibits the trial court from taking two separate convictions based on the same criminal conduct and using one conviction to establish habitual felon status and the other to calculate prior record level points.
Defendant's assertions are therefore without merit. For the foregoing reasons, we find the trial court's sentencing of defendant was free from error.
No error.
Judges WYNN and LEVINSON concur.
Report per Rule 30(e).