TYSON, Judge.
Ted Scott ("defendant") appeals felony convictions of possession of a controlled substance in jail and having attained the status of an habitual felon. We affirm.
I. Background
Defendant was found to be in possession of marijuana during visitation while incarcerated at the Southern Correctional Institute in Troy. Prior to trial, defendant asked to be heard and moved for appointment of a new counsel and for a continuance. After hearing from defendant, his counsel, and the district attorney, the trial court denied defendant's motion.
The trial court informed defendant that the State's plea offer, which required defendant to serve the minimum sentencerequired by law, remained available for his acceptance. The court explained to defendant that if he decided to go to trial and was convicted, he faced the possibility of up to 210 months imprisonment based upon his record level. The trial court recessed court for lunch to allow defendant to make a decision. When court reconvened, defendant pled guilty to both charges and was sentenced to a mitigated sentence of eighty to 150 months imprisonment according to the plea agreement. Defendant appeals.
II. Issues
Defendant raises three arguments in which he challenges: (1) his habitual felon indictment; (2) the calculation of his prior record level; and (3) the "improper pressure" exerted by the trial court to convince him to plead guilty.
III. Possession of Cocaine is a Felony
Defendant first argues that the trial court lacked jurisdiction to convict and sentence him because his habitual felon indictment is defective. Defendant contends that under this Court's decisions in State v. Jones, 161 N.C. App. 60, 588 S.E.2d 5 (2003) and State v. Sneed, 161 N.C. App. 331, 588 S.E.2d 74 (2003) possession of cocaine, one of the underlying felonies in his habitual felon indictment, is actually a misdemeanor. Our Supreme Court recently reversed this Court's decisions in Jones and Sneed, and reiterated that possession of any amount of cocaine is a felony under N.C. Gen. Stat. § 90-95(d)(2). See State v. Jones, 358 N.C. 473, 598 S.E.2d 125 (2004); State v. Sneed, 358 N.C. 538, 599 S.E.2d 365 (2004). Defendant's assignment of error is dismissed.
IV. Prior Record Level
Defendant next argues that the trial court erred in calculating his prior record level. Defendant contends that the trial court erroneously employed convictions used to establish his habitual felon status in the calculation of his prior record level. We disagree.
N.C. Gen. Stat. § 14-7.6 (2003) prohibits use of the same convictions to establish a person's habitual status and to calculate his prior record level. Where multiple convictions are obtained during the same court week, this Court has previously stated that the trial court may use one conviction obtained during a single calendar week to establish habitual felon status and another separate conviction obtained during that same week to determine the defendant's prior record level. State v. Truesdale, 123 N.C. App. 639, 642, 473 S.E.2d 670, 672 (1996).
Here, defendant was convicted on 29 November 1993 in 93 CRS 664 of breaking or entering and larceny (date of offense 19 December 1992), in 93 CRS 665 of breaking and entering and larceny (date of offense 27 January 1993), and in 93 CRS 951 of larceny (date of offense 18 December 1992). It appears that defendant's conviction in 93 CRS 664 of larceny was utilized as a predicate offense in his habitual felon indictment, while his conviction in 93 CRS 665 for larceny was utilized in calculating his prior record level. As stated by this Court in Truesdale, the use of these two offenses in this regard is proper. 123 N.C. App. At 642, 473 S.E.2d at 672. Upon a thorough review of the record, we concludethat the trial court properly calculated defendant's prior record points to be nine, and his prior record level to be IV. Defendant's argument is overruled.
V. Pressure to Plead Guilty
Finally, defendant argues that the trial court committed plain error by putting "improper pressure" on him to enter a plea and forfeit his right to a jury trial. Defendant also contends that the trial court erroneously failed to inform him, pursuant to N.C. Gen. Stat. § 15A-1023, of his right to a continuance in the event that the court rejected his plea. We disagree.
N.C. Gen. Stat. § 15A-1022(a)(5) (2003) requires that before the trial court accepts a guilty plea, it must "[d]etermin[e] that defendant, if represented by counsel, is satisfied with his representation[.]" N.C. Gen. Stat. § 15A-1023(a)-(b) (2003) provides, in part:
(a) If the parties have agreed upon a plea arrangement pursuant to G.S. 15A-1021 in which the prosecutor has agreed to recommend a particular sentence, they must disclose the substance of their agreement to the judge at the time the Defendant is called upon to plead.
(b) Before accepting a plea pursuant to a plea arrangement in which the prosecutor has agreed to recommend a particular sentence, the judge must advise the parties whether he approves the arrangement and will dispose of the case accordingly. If the judge rejects the arrangement, he must so inform the parties, refuse to accept the defendant's plea of guilty or no contest, and advise the defendant personally that neither the State nor the defendant is bound by the rejected arrangement. The judge must advise the parties of the reasons he rejected the arrangement and afford them an opportunity tomodify the arrangement accordingly. Upon rejection of the plea arrangement by the judge, the defendant is entitled to a continuance until the next session of court.
(Emphasis supplied).
Prior to the entry of plea, defendant presented a written motion for new counsel. Therein, defendant also moved to have his case continued. The trial court questioned the district attorney, trial counsel, and defendant extensively regarding discovery turned over to defendant and the terms of the plea offer extended to defendant. The trial court was careful to address defendant's specific concerns regarding counsel's representation. In response, defense counsel explained to the court that he had thoroughly investigated defendant's case and expressed his readiness to proceed to trial, if defendant agreed. The trial court found that counsel's representation was not ineffective and denied defendant's motion for new counsel. Just before recessing court for lunch, the trial court said,
Mr. Scott, let me say to you that during the lunch recess if you desire to enter or take the offer by the State, I will impose a sentence as I've indicated I would, which is the very least I can give you. If you want to do that, think about it during the lunch recess. Understand, if you're convicted by a jury you may get more time. Communicate such desires to your lawyer and he'll let the State know to inform the Court. Do you understand?
Defendant inquired as to what the sentence would be if he were convicted at trial, and the trial court told him that as a prior record level IV offender, he could receive 210 months imprisonment. The trial court also explained that defendant's sentence in thiscase would run, as required by statute, at the expiration of the sentence he was then serving.
Defendant decided to accept the State's plea offer. When defendant asked to immediately enter his plea, the trial court cautioned him to think his decision over during the lunch recess. The trial court said, "If that's what you want to do we'll do it when we come back after lunch. Your lawyer will help you prepare a document." After court reconvened at 1:30 p.m., the jury was dismissed and defendant entered his guilty plea without further mention of his motion for substitute counsel or request for a continuance.
From a thorough review of the record, the trial court scrupulously addressed defendant's concerns before denying his motion and accepting his plea. In fact, when defendant would have rushed to enter his plea, the trial court cautioned him to discuss the matter further with counsel during the lunch recess. Moreover, the record shows that the trial court fully complied with N.C. Gen. Stat. § 15A-1022(a) during the entry of plea. Finally, it does not appear that the provisions of N.C. Gen. Stat. § 15A-1023(b) are applicable here. The trial court never rejected the plea agreement to require a continuance thereunder. This assignment of error is overruled.
VI. Conclusion
Defendant's prior conviction for possession of cocaine was properly used as a predicate felony for his status as an habitual felon. Separate convictions of larceny were used to determine hishabitual felon status and his prior record level. Defendant was not pressured to accept the State's plea offer and enter a guilty plea. The judgment of the trial court and defendant's sentence are affirmed.
Affirmed.
Judges WYNN and GEER concur.
Report per Rule 30(e).