MARTIN, Chief Judge.
Defendant was found guilty of possession with intent to sell cocaine, sale or delivery of cocaine, and two counts of conspiracy to sell or deliver cocaine. After entry of the jury verdicts, he pled guilty to habitual felon status. On the prior record level worksheet the court determined that defendant had six prior record level points, thereby placing him within prior record level III. The court consolidated all of the offenses into one judgment and sentenced defendant to an active term within the presumptive range of a minimum of 116 months and a maximum of 149 months.
Defendant assigns as error the trial court's finding that he had a prior record level of III. He argues the court erred byallowing one of two convictions entered during the same week of court to be used to establish habitual felon status and by allowing the other conviction to be used in the calculation of prior record level points.
Defendant acknowledges that in State v. Truesdale, 123 N.C. App. 639, 642, 473 S.E.2d 670, 672 (1996), this Court held that when two convictions are entered during the same week of court, one of the convictions may be used to establish habitual felon status while the other conviction may be used to establish the defendant's prior record level points. Defendant argues Truesdale is inapplicable to the case at bar because the offenses in this case were committed prior to defendant's eighteenth birthday. He submits that N.C. Gen. Stat. § 14-7.1 prohibits the use of offenses committed prior to the time a defendant reaches the age of eighteen as constituting more than one felony. This statute provides, in pertinent part, that "[f]or the purposes of this Article, felonies committed before a person attains the age of 18 years shall not constitute more than one felony." N.C. Gen. Stat. § 14-7.1 (2003). By its own express words, the application of N.C. Gen. Stat. § 14-7.1 is limited to sentencing for habitual felon purposes only. We can find nothing in the Structured Sentencing Act which prohibits consideration of a conviction of an offense committed prior to the offender's eighteenth birthday. We conclude defendant's attempted distinction is not significant, and hold Truesdale is controlling. Thus, we affirm the court's allocation of prior record level points to one of the two convictions. We note that the judgment contains an evident clerical error. Judge Massey signed the prior record level worksheet finding that defendant had six prior record level points and that his prior record level is III. In open court Judge Massey found the same number of prior record level points and the same prior record level. However, the judgment in the record on appeal states that the number of prior record points is seventeen and that the prior record level is V. This finding in the judgment is not consistent with the sentence imposed by the court as the presumptive range of minimum sentences for a Class V is 121-151 months, a range clearly above the term imposed by the court. See N.C. Gen. Stat. § 15A-1340.17(c). We therefore remand for correction of this clerical error.
Remanded.
Judges McCULLOUGH and CALABRIA concur.
Report per Rule 30(e).