CALABRIA, Judge.
On 4 February 2002, Ray Robert Cline, Jr. ("defendant") was indicted for felonious larceny and felonious possession of stolen goods on 4 February 2002. In a separate bill of indictment, also on 4 February 2002, defendant was charged with attaining the status of habitual felon. We find no error.
The State's evidence tended to show that on the night of 17 October 2001, Nathan Gary ("Gary") worked as a loss-prevention officer with Wal-Mart. At approximately 9:30 p.m., Gary noticed a man leaving Wal-Mart with a shopping cart containing a computer, a hat, and a jacket. Gary noted the man because a receipt was not attached to the computer and the other merchandise was not in aWal-Mart bag, which are both violations of store policy.
A Wal-Mart greeter asked the man if she could help him, and the man told her she could get someone to help him load the merchandise. Gary told the greeter to make sure the man had a receipt. The greeter then asked the man for a receipt. The man responded that "his boss man," who had paid for the merchandise, had gone to get the vehicle. After seventeen minutes, defendant pulled up to the garden center exit in a Jeep. The man pushed the shopping cart to the back of the Jeep. When the man started to load the computer into the back of defendant's Jeep, Gary identified himself as a loss-prevention officer and told the man he needed to come back into the store. The man started arguing with Gary. Meanwhile, the greeter approached defendant and asked him if he had paid for the computer or had a receipt. Defendant told the greeter that he did not have a receipt, and he did not know what was going on with the computer.
The man then threw the computer, hat, and jacket into the Jeep, jumped into the back seat, and yelled "Go, Ray, go." Gary yelled at defendant, "Do not move this vehicle, stop, don't go anywhere[.]" Gary attempted to retrieve the computer from the back of the Jeep before defendant sped away. Gary held on to the hatchback door and yelled for defendant to stop the vehicle. Defendant looked at Gary through the open hatchback door. Gary eventually let go of the Jeep, obtained its license plate number, and called the Kannapolis Police Department. A Rowan County probation officer shopping at Wal-Mart observed Gary confront theman about the computer and yell at defendant to stop the Jeep. The police later apprehended defendant and returned the stolen items to Wal-Mart. Gary scanned the bar codes of the computer, hat, and jacket to determine their retail price: the computer was $998.00; the hat was $11.96; and the jacket was either $15.96 or $16.96. The total monetary value of the items stolen was approximately $1,026.00.
At trial, the jury could not reach a unanimous verdict on the charge of felonious larceny, and the trial court declared a mistrial as to that charge. Thereafter, the State took a voluntary dismissal with respect to the felonious larceny charge. The jury found defendant guilty of felonious possession of stolen goods and of attaining the status of an habitual felon. The trial court sentenced defendant to 144 to 182 months' imprisonment. Defendant appeals.
I. Prior Record Level
Defendant argues the trial court committed plain error in calculating his prior record level because it used a prior conviction to establish habitual felon status and then improperly used another conviction, obtained during the same week as the conviction used to establish habitual felon status, to determine his prior record level. Defendant concedes this Court has decided this issue contrary to his position in State v. Truesdale, 123 N.C. App. 639, 473 S.E.2d 670 (1996). However, defendant asks this Court to revisit this issue. We are bound by Truesdale and decline to revisit the issue here. "[A] panel of the Court of Appeals isbound by a prior decision of another panel of the same court addressing the same question, but in a different case, unless overturned by an intervening decision from a higher court." In the Matter of Appeal from Civil Penalty, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989). Accordingly, this assignment of error is without merit.
II. Habitual Felon Indictment
Defendant next argues that the trial court erred in trying him as a habitual felon because the indictment for the underlying felony did not charge the defendant with being a habitual felon and, therefore, failed to comply with the statutory requirements set out in N.C. Gen. Stat. § 14-7.3. It is well established, however, that under the Habitual Felons Act, the principal felony indictment need not refer to the defendant's alleged status as an habitual offender. Since defendant received adequate notice by separate indictment of the State's intent to prosecute him as an habitual felon, the defendant is not prejudiced. See State v. Todd, 313 N.C. 110, 120, 326 S.E.2d 249, 255 (1985); State v. Keyes, 56 N.C. App. 75, 78, 286 S.E.2d 861, 863 (1982). Defendant's assignment of error is overruled.
III. Denial of Motion to Dismiss
Defendant next argues the trial court erred by denying his motion to dismiss because the State failed to prove the value of the stolen computer. To withstand a motion to dismiss, the State must present substantial evidence of each essential element of the offense and of the defendant's identity as the perpetrator. Statev. Riddle, 300 N.C. 744, 746, 268 S.E.2d 80, 81 (1980). "Substantial evidence is such relevant evidence that a reasonable mind might accept as adequate to support a conclusion." State v. Morgan, 111 N.C. App. 662, 665, 432 S.E.2d 877, 879 (1993). In reviewing the trial court's denial of a motion to dismiss, the evidence must be construed in the light most favorable to the State. State v. Neal, 109 N.C. App. 684, 686, 428 S.E.2d 287, 289 (1993).
The essential elements of the crime of felonious possession of stolen goods are: (1) possession of personal property; (2) having a value in excess of $1,000.00; (3) which has been stolen; (4) the possessor knowing or having reasonable grounds to believe the property was stolen; and (5) the possessor acting with a dishonest purpose. See N.C. Gen. Stat. §§ 14-71.1 and 14-72 (2003); State v. Martin, 97 N.C. App. 19, 25, 387 S.E.2d 211, 214 (1990). Defendant argues the State failed to prove that the stolen property had a value in excess of $1,000.00. As trial, the loss prevention officer at Wal-Mart testified that he determined the retail price of each item by scanning their respective bar codes. He further testified to the respective prices of the stolen property, and the total value of the goods stolen was in excess of $1,000.00. We hold this evidence was sufficient to overcome defendant's motion to dismiss.
Defendant also argues that the court erred in denying his motion to dismiss because the State failed to prove that defendant had knowledge that the items were stolen. Defendant, however, didnot make this argument at trial and cannot now argue it on appeal. According to N.C. R. App. P. 10(b)(1) (2004), in order to preserve a question for appellate review, the party must state the specific grounds for the ruling the party desires the court to make. "The defendant may not change his position from that taken at trial to obtain a 'steadier mount' on appeal." State v. Woodard, 102 N.C. App. 687, 696, 404 S.E.2d 6, 11 (1991). Accordingly, we do not address this argument on appeal, and the trial court properly denied defendant's motion to dismiss.
No error.
Judges TIMMONS-GOODSON and LEVINSON concur.
Report per Rule 30(e).