STATE OF NORTH CAROLINA
v.
JAMES EARL RODGERS.
No. COA07-1179
Court of Appeals of North Carolina.
Filed April 1, 2008
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General William B. Crumpler, for the State.
Paul F. Herzog for Defendant-Appellant.
McGEE, Judge.
A jury found Defendant guilty of possession of cocaine with intent to sell or deliver and of being an habitual felon. Upon Defendant's stipulation to a Prior Record Level IV, the trial court sentenced him to a term of 133 months to 169 months in prison. Defendant appeals.
Counsel appointed to represent Defendant has been unable to identify any issue with sufficient merit to support a meaningful argument for relief on appeal. He asks this Court to conduct its own review of the record for possible prejudicial error. Counsel has shown to the satisfaction of this Court that he has complied with the requirements of Anders v. California, 386 U.S. 738, 18 L.Ed. 2d 493, reh'g denied, 388 U.S. 924, 18 L. Ed. 2d 1377 (1967), and State v. Kinch, 314 N.C. 99, 331 S.E.2d 665 (1985), by advising Defendant of his right to file written arguments with this Court and by providing Defendant with the documents necessary to do so.
Defendant filed a motion on 13 November 2007 seeking an extension of time to file a supplemental brief with this Court. By order entered 14 November 2007, this Court granted Defendant until 29 November 2007 to file his pro se arguments. Defendant filed his written arguments on 27 December 2007, well beyond this deadline. Nevertheless, we shall address each of his claims below.
Defendant asserts that the trial court violated the holding in Blakely v. Washington, 542 U.S. 296, 159 L. Ed. 2d 403, reh'g denied, 542 U.S. 961, 159 L. Ed. 2d 851 (2004), by sentencing him in the aggravated range without the requisite findings of fact by a jury. Defendant's argument is without merit. The judgment reflects the trial court's imposition of the maximum presumptive sentence for Defendant's offense, based upon his habitual felon status and prior record level IV. See N.C. Gen. Stat. § 15A-1340.17(c) (2007); N.C. Gen. Stat. § 15A-1340.17(e) (2007). Our Court has previously held that the fact that a defendant's presumptive sentence may overlap with the bottom of the applicable aggravated range does not alter its presumptive nature or require jury findings of aggravating factors. State v. Ramirez, 156 N.C. App. 249, 259, 576 S.E.2d 714, 721, disc. review denied, 357 N.C. 255, 583 S.E.2d 286, cert. denied, 540 U.S. 991, 157 L. Ed. 2d 388 (2003). Defendant next challenges the State's use of his two 6 March 1992 convictions for sale and delivery of cocaine to both establish his habitual felon status and calculate his prior record level. Consistent with N.C. Gen. Stat. § 14-7.6 and N.C. Gen. Stat. § 15A-1340.14(d), one of these two prior convictions was alleged in Defendant's habitual felon indictment; the other was included in his record level calculation. Because "nothing in these statutes . . . prohibit[s] the court from using one conviction obtained in a single calendar week to establish habitual felon status and using another separate conviction obtained the same week to determine prior record level," we overrule Defendant's claim. State v. Truesdale, 123 N.C. App. 639, 642, 473 S.E.2d 670, 672 (1996).
Defendant next claims that the trial court violated his right to effective assistance of counsel at trial by denying his retained counsel's motion for a continuance. The record reflects that Defendant was indicted for his substantive charges on 10 April 2006, and for being an habitual felon on 16 October 2006. Counsel Donald R. Stroud, Jr. (Mr. Stroud) was appointed to represent Defendant on 14 December 2006. On the morning of trial, 13 March 2007, attorney Clifton Gray (Mr. Gray) entered a general appearance and announced that he had been retained by Defendant on the preceding Friday, 9 March 2007. Mr. Gray stated that he was "certainly not prepared to proceed with the trial today," and requested a continuance. The State objected, noting that the case had been pending for a substantial period and that Defendant had appeared through his appointed counsel in two prior administrative proceedings. When the trial court refused to continue the trial, Mr. Gray moved to withdraw. Although Mr. Stroud assured the trial court that he was "prepared to go forward," Defendant objected to Mr. Gray's withdrawal. Defendant cited an unsatisfactory meeting with his appointed counsel in the week prior to trial and explained to the trial court that he "felt like . . . [he] needed to talk to another lawyer . . . and wanted to hire Mr. Gray and see if he could go and look into it more and really explain to [him] what is really going on[.]" Because Mr. Gray had insufficient time to prepare for trial, the trial court allowed his motion to withdraw and offered Defendant the choice to "continue with Mr. Stroud [or] represent yourself." Defendant chose to proceed with his appointed counsel.
A trial court's denial of a motion for a continuance is generally reviewed only for abuse of discretion. State v. Little, 56 N.C. App. 765, 767, 290 S.E.2d 393, 395 (1982). However, when a continuance is sought for the purpose of preserving a defendant's constitutional rights, we review its denial de novo. Id. Our Courts have previously noted that "`there is no constitutional right under the Sixth Amendment to a continuance to enable [a] defendant to seek new counsel on the day of the trial,'" absent a "justifiable basis" therefor. State v. Poole, 305 N.C. 308, 319, 289 S.E.2d 335, 342 (1982) (quoting United States v. Hampton, 457 F.2d 299, 302 (7th Cir.), cert. denied, 409 U.S. 856, 34 L. Ed. 2d 101 (1972)). Defendant did not provide a justifiable basis for waiting until the day of trial to replace his appointed counsel with a retained attorney. Rather, he offered a vague assertion that Mr. Stroud had been unhelpful when Defendant had spoken with him the previous week. By his own admission, Defendant had been in jail for nine months awaiting trial. Accordingly, we find that the trial court did not abuse its discretion in denying Mr. Gray's last-minute request for a continuance. See State v. Gant, 153 N.C. App. 136, 142-43, 568 S.E.2d 909, 913, disc. review denied, 356 N.C. 440, 572 S.E.2d 792 (2002); State v. Mundine, 122 N.C. App. 707, 711, 471 S.E.2d 438, 441, disc. review denied, 344 N.C. 442, 476 S.E.2d 128 (1996); State v. McDiarmid, 36 N.C. App. 230, 234, 243 S.E.2d 398, 401 (1978).
Defendant makes additional ineffective assistance claims regarding the performance of his trial counsel. To support such a claim, Defendant must show both objectively unreasonable performance by counsel and a reasonable probability that counsel's deficiencies adversely affected the outcome at trial. State v. Blakeney, 352 N.C. 287, 307-08, 531 S.E.2d 799, 814-15 (2000), cert. denied, 531 U.S. 1117, 148 L. Ed. 2d 780 (2001). A defendant's mere disagreement with his or her attorney's tactical decisions is insufficient to establish a violation of his or her constitutional right to counsel. State v. Piche, 102 N.C. App. 630, 638, 403 S.E.2d 559, 564 (1991). Moreover, if our review of an ineffective assistance claim would require the development of additional evidence outside the record on appeal, we must dismiss the claim without prejudice to a defendant's right to raise it in a post-conviction motion for appropriate relief. State v. Fair, 354 N.C. 131, 166-67, 557 S.E.2d 500, 525 (2001), cert. denied, 535 U.S. 1114, 153 L. Ed. 2d 162 (2002).
To the extent that Defendant faults his counsel's pre-trial preparation, the record on appeal is insufficient to allow our review of his claim. We are likewise unable to assess Defendant's complaint that counsel presented him with the State's plea offer on the morning of trial. Accordingly, we dismiss these claims without prejudice to Defendant's right to raise them in a post-conviction motion for appropriate relief. See id.
Defendant also suggests that both his trial and appellate counsel were constitutionally ineffective in failing to raise the aforementioned arguments regarding his sentence and the use of his prior convictions to establish his habitual felon status and prior record level at trial or on appeal. Because we have found these claims to be without merit, we further find that Defendant's attorneys were not constitutionally ineffective in failing to raise them.
Defendant next asserts that counsel should have filed a motion to suppress the cocaine found in his car during a warrantless search by members of the Beaufort County Sheriff's Department on 21 December 2005. He insists that the officers relied upon "inconclusive information" provided by a cooperating witness, Lester Little (Mr. Little), and that his counsel neglected "to impeach Mr. Little as a credible witness" based upon Mr. Little's own possession of cocaine.
The State's evidence tended to show as follows: On the afternoon of 21 December 2005, Lieutenant Russell Davenport (Lieutenant Davenport) of the Beaufort County Sheriff's Office equipped a confidential informant with an audio transmitter and $1,600.00 in cash and dispatched him to Cratch's Grocery with instructions to purchase an ounce and a half of cocaine from Mr. Little. Mr. Little met the informant at the store and took the money, saying that he would return with the cocaine. Mr. Little then drove down Highway 264 into Pitt County, where he turned onto a dirt road. Lieutenant Davenport stopped Mr. Little's vehicle on Highway 264 upon his return to Beaufort County. Mr. Little surrendered 42 grams of crack cocaine, identified Defendant as his supplier, and agreed to attempt to buy an additional $40.00 worth of cocaine from him. After listening to Mr. Little and Defendant arrange the transaction by telephone, officers wired Mr. Little with an audio device and sent him back to the Cratch's Grocery parking lot. Defendant pulled into the lot in a white Chevrolet Lumina, approached Mr. Little, and alluded to their earlier transaction. When Mr. Little told Defendant that he had to "go get the money," the officers converged on the scene with their blue lights and sirens activated. Defendant put his car into reverse and attempted to flee but collided with a truck driven by one of the police officers. Defendant then drove toward the officers, striking one officer on the leg and forcing him onto the hood of the vehicle. With officers hanging from his car, Defendant proceeded approximately twenty feet before colliding with another police vehicle. Defendant's vehicle was searched after a police canine alerted to the presence of narcotics on the driver's side. Officers found twenty-one plastic baggies containing a total of 9.3 grams of crack cocaine in the vehicle.
We find nothing in the record to suggest that the cocaine found in Defendant's vehicle was subject to suppression. Notwithstanding Mr. Little's credibility, the firsthand observations of the police officers on 21 December 2005 gave rise to a reasonable articulable suspicion of Defendant's involvement in a drug transaction sufficient to support an investigatory stop and detention. See generally State v. Watkins, 337 N.C. 437, 441-43, 446 S.E.2d 67, 69-71 (1994) (upholding an investigatory stop where police had reasonable suspicion to stop the defendant's vehicle). Defendant's response to the law enforcement officers' arrival provided probable cause for his arrest for, inter alia, felony assault with a deadly weapon upon governmental officers under N.C. Gen. Stat. § 14-34.2. See State v. Hunter, 299 N.C. 29, 34, 261 S.E.2d 189, 193 (1980) (stating that "[p]olice officers may arrest without a warrant any person who they have probable cause to believe has committed a felony"). Therefore, Defendant's vehicle was subject to a search incident to his arrest for a felony. State v. Brooks, 337 N.C. 132, 144, 446 S.E.2d 579, 587 (1994). Alternatively, the search was supported by the canine's alert to the presence of drugs in the vehicle and the other circumstances tending to show Defendant's possession of cocaine. See State v. Parker, ___ N.C. App. ___, ___, 644 S.E.2d 235, 242 (2007) (stating that "[i]f a law enforcement officer has probable cause to believe that the vehicle contains evidence of a crime, the officer may conduct an immediate warrantless evidentiary search of the vehicle"). Accordingly, Defendant has not shown that his counsel acted unreasonably in failing to file a motion to suppress, or that he was prejudiced thereby.
Insofar as Defendant separately contends that his counsel failed to impeach Mr. Little based on Mr. Little's own possession of 42 grams of cocaine, we note that counsel cross-examined Mr. Little about being "caught red-handed" on 21 December 2005, and about the favorable plea bargain Mr. Little obtained in exchange for cooperating with police and testifying at Defendant's trial. We therefore find no merit to Defendant's claim.
In accordance with Anders, we have fully examined the record to determine whether any issues of arguable merit appear therefrom. Finding no prejudicial error, we affirm the judgment of the trial court.
No error.
Judges STROUD and ARROWOOD concur.
Report per Rule 30(e).