IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA23-550

Filed 19 March 2024

Cleveland County, Nos. 19CRS1723 19CRS54337-38

STATE OF NORTH CAROLINA,

v.

DAVID ASHLEY BIVINS

Appeal by defendant from judgment entered 23 March 2021 by Judge Gregory R. Hayes in Cleveland County Superior Court. Heard in the Court of Appeals 21 February 2024.

*Attorney General Joshua H. Stein, by Assistant Attorney General, Kerry M. Boehm, for the State.*

*Michelle Abbott, for the defendant-appellant.*

TYSON, Judge.

David Ashley Bivins ("Defendant") appeals from judgment entered upon a jury's verdicts for Selling or Delivering a Schedule II Controlled Substance and Felonious Possession with Intent to Sell or Deliver Methamphetamine. The judgment he appeals from was also entered pursuant to a plea agreement for Felonious Possession with Intent to Sell or Deliver Methamphetamine, Selling or Delivering a Schedule II Controlled Substance, and to attaining Habitual Felon Status. We discern no error at trial or in the plea agreement, but vacate the judgment and

remand for the trial court to correct a State-conceded sentencing error.

## I. Background

Cleveland County Sheriff's Office Narcotics Division and a confidential informant participated in a controlled buy of methamphetamine on 20 July 2019 and again on 8 August 2019. The confidential informant had previously worked with Narcotic Division deputies and participated in multiple controlled buys of drugs. Narcotic Division deputies met with the informant prior to the buy, searched his person for contraband, provided him with $200 in marked currency, and equipped him with a cell phone capable of recording the interaction.

The confidential informant traveled to a local motel, while being surveilled from the neighboring Bojangles restaurant parking lot, and purchased 1.95 grams of methamphetamine from Defendant. Following the buy, the confidential informant "turned over the meth" to the Narcotic Division lead deputy. The lead deputy debriefed with the confidential informant to confirm the details of the buy, searched his person and his vehicle to ensure the integrity of the controlled buy, and then released the informant. The lead deputy entered the sealed bag of suspected methamphetamine into the Sheriff's Office secured evidence locker and submitted it for laboratory analysis.

On 23 March 2021, a jury convicted Defendant of one count of Possession with Intent to Sell or Deliver Methamphetamine and one count of Selling or Delivering a Schedule II Controlled Substance. After the jury's verdict, but prior to sentencing,

Defendant also entered into a plea arrangement with the State. Defendant pleaded guilty to having attained Habitual Felon Status, along with one additional count of Possession with Intent to Sell or Deliver Methamphetamine and one additional count of Selling or Delivering a Schedule II Controlled Substance pursuant to a plea agreement, which stemmed from a second controlled buy by the same confidential informant from Defendant on 8 August 2019.

At the sentencing hearing held on 23 March 2021, the State submitted a Prior Record Level Worksheet ("PRL Worksheet") and copies of records of the Defendant's prior convictions to support the worksheet. The PRL Worksheet submitted by the State assigned a total of sixteen points to Defendant, based upon seven prior misdemeanor convictions, three prior felony convictions, and for Defendant being on probation at the time of the offense.

Defendant stipulated to his prior record level and signed the PRL Worksheet. His four substantive convictions were consolidated for sentencing. Defendant was sentenced as a level V offender to 127 to 165 months of active imprisonment.

Defendant filed a petition for writ of *certiorari* on 6 September 2022, seeking a belated appeal after failure to enter timely notice of appeal. This Court granted Defendant's petition for writ of *certiorari* on 26 October 2022.

## II. Jurisdiction

This Court possesses jurisdiction pursuant to N.C. Gen. Stat. § 15A-1444(5) (2023) and N.C. R. App. P. 21(a)(1).

### III.    Issues

Defendant challenges his sentence of 127 to 165 months imprisonment for two counts of Selling or Delivering a Schedule II Controlled Substance, two counts of Felonious Possession with Intent to Sell or Deliver Methamphetamine, and attaining Habitual Felon Status.  Defendant argues the trial court erred by sentencing him at an inflated prior record level.  The State concedes this error.

### IV.    Sentencing Error

### A. Standard of Review

Sentencing errors are preserved for appellate review "even though no objection, exception, or motion has been made in the trial division."  N.C. Gen. Stat. § 15A-1446(d)(18) (2023).  Although a defendant may stipulate to "the existence of [his or her] prior convictions, which may be used to determine the defendant's prior record level for sentencing purposes, the trial court's assignment of defendant's prior record level is a question of law." *State v. Gardner*, 225 N.C. App. 161, 167, 736 S.E.2d 826, 830-31 (2013) (citation omitted).  "The determination of an offender's prior record level is a conclusion of law that is subject to *de novo* review on appeal." *State v. Bohler*, 198 N.C. App. 631, 633, 681 S.E.2d 801, 804 (2009) (citing *State v. Fraley*, 182 N.C. App. 683, 691, 643 S.E.2d 39, 44 (2007)).

### B. Analysis

Our General Statutes provide: "The prior record level of a felony offender is determined by calculating the sum of the points assigned to each of the offender's

prior convictions . . . ." N.C. Gen. Stat. § 15A-1340.14(a) (2023). A prior record level is determined by counting eligible points for prior convictions the State has proven. N.C. Gen. Stat. § 15A-1340.14(b), (f). Generally, only non-traffic Class A1 and Class 1 misdemeanor offenses count. N.C. Gen. Stat. § 15A-1340.14(b). Convictions of Class 2 and Class 3 misdemeanors do not count. *See id.*

One point is assigned for misdemeanor convictions, and a misdemeanor is "defined as any Class A1 and Class 1 nontraffic misdemeanor offense." N.C. Gen. Stat. § 15A-1340.14(b)(5). The following misdemeanor offenses also receive one prior record point: (1) Impaired Driving, pursuant to N.C. Gen. Stat. § 20-138.1 (2023); (2) Impaired Driving in a Commercial Vehicle, pursuant to N.C. Gen. Stat. § 20-138.2; and, (3) Death by Vehicle, pursuant to N.C. Gen. Stat. § 20-141.4(a2). N.C. Gen. Stat. § 15A-1340.14(b)(5).

The points assigned for prior felony convictions include two points for Class H or I Felony convictions, and four points for Class G Felony convictions. N.C. Gen. Stat. § 15A-1340.14(b)(3)-(4). Prior felony convictions used to establish whether a person has attained habitual felon status do not also count in determining a prior record level. N.C. Gen. Stat. § 14-7.6 (2023).

When multiple convictions are entered in the same superior court session in the same calendar week, only the conviction carrying the most points is assessed. N.C. Gen. Stat. § 15A-1340.14(d). If a prior offender is convicted of more than one offense in a single session of district court, only one of the convictions is used. *Id.*

The relevant statutes "do not prohibit the court from using one conviction obtained in a single calendar week to establish habitual felon status and using another separate conviction obtained in the same week to determine prior record level." *State v. Truesdale*, 123 N.C. App. 639, 642, 473 S.E.2d 670, 672 (1996).

An offender with ten to thirteen points shall be sentenced as a prior record level IV, and an offender with fourteen to seventeen points shall be sentenced as a prior record level V. N.C. Gen. Stat. § 15A-1340.14(c).

On appeal, Defendant points out several purported errors in the trial court's sentencing. First, a clerical discrepancy exists between the PRL Worksheet and the structured sentencing document. The PRL Worksheet states Defendant had sixteen prior record level points, while the structured sentencing document listed fifteen prior record level points. Regardless of the variance in points between the two documents, the trial court sentenced Defendant as a level V offender.

Second, Defendant asserts, and the State concedes, he was erroneously assessed with four additional points to increase his prior record level from IV to V. The PRL Worksheet shows seven points for prior misdemeanors, eight points for prior felonies, and one point for committing the current offense while on probation, which totals sixteen points.

Defendant has accumulated seventeen prior misdemeanor convictions over a ten-year period. Four of Defendant's misdemeanor convictions are for traffic-related offenses, which are not included in the prior record level calculation per N.C. Gen.

Stat. § 15A-1340.14(b)(5). Four of Defendant's misdemeanor convictions are for Class 2 or 3 offenses, and those convictions are also excluded in the prior record level calculation. *Id.* Four of Defendant's misdemeanor convictions were entered on the same date as an offense with a higher point total. The higher-point total conviction is the only conviction properly included in Defendant's point total calculation pursuant to N.C. Gen. Stat. § 15A-1340.14(d). In accordance with the statutes' disregard and exclusion of certain convictions, Defendant's PRL Worksheet should include a total of five points for five countable misdemeanors under N.C. Gen. Stat. § 15A-1340.14(b)(5).

Defendant also has six prior felony convictions, in addition to the four felony convictions before us on appeal. Here, three of those six prior convictions were used to establish the indictment that Defendant had attained habitual felon status, and two felonies occurred on the same day, leaving only two felonies to be assessed in the PRL Worksheet calculation. *See Truesdale*, 123 N.C. App. at 642, 473 S.E.2d at 672; N.C. Gen. Stat. § 15A-1340.14(d).

One of these is a Class I felony, properly assessed at two points. N.C. Gen. Stat. § 15A-1340.14(b)(4). The other was a Class G felony to be assigned four points. N.C. Gen. Stat. § 15A-1340.14(b)(3). Under the current statutes, Defendant's PRL Worksheet should include a total of six points based upon the two qualifying felony convictions, and not those otherwise used to support the habitual felon indictment or occurring on the same court session.

N.C. Gen. Stat. § 15A-1340.14(b)(7) provides that one additional point should be assigned "if the offense was committed while the offender was on supervised or unsupervised probation, parole, or post-release supervision . . . ." In this case, the Defendant stipulated to the fact that he was on probation for prior offenses at the time of the current offenses, which supports the addition of one point to be included in his PRL Worksheet calculation. N.C. Gen. Stat. § 15A-1340.14(b)(7).

Additionally, N.C. Gen. Stat. § 15A-1340.14(b)(6) provides one additional prior record level point may be assigned "[i]f all the elements of the present offense are included in any prior offense for which the offender was convicted, whether or not the prior offense or offenses were used in determining prior record level, 1 point." On appeal, the State argues Defendant should have been assessed one additional point because all elements of the present offense for Selling or Delivering a Schedule II Controlled Substance are included in Defendant's prior offense on 6 April 2016 for Selling or Delivering a Schedule II Controlled substance conviction. On remand for resentencing, the trial court should assess whether one additional point should be added pursuant to N.C. Gen. Stat. § 15A-1340.14(b)(6).

Under the current statutes, Defendant's prior record level should have been assessed as at least twelve points: five for misdemeanors, six for felonies, and one additional point for being on probation at the time of the offense. Depending on the trial court's assessment of N.C. Gen. Stat. § 15A-1340.14(b)(6), Defendant's prior record level potentially could be assessed as thirteen total points. N.C. Gen. Stat.

§ 15A-1340.14. Regardless of whether the trial court assesses Defendant's prior record level as twelve or thirteen total points to support a prior record level IV, the trial court erred when sentencing Defendant by assigning three additional prior record level points to achieve a prior record level V. The State concedes this error.

## V.    Conclusion

Defendant received a fair trial, free from prejudicial errors he preserved or argued on appeal. His waivers of trial and guilty pleas to other crimes under the plea agreement are not challenged as not knowingly and intelligently entered.

After using three prior felony convictions to support his habitual felon indictment and excluding non-qualifying prior convictions, Defendant should have been sentenced within the presumptive range, per the plea agreement, as a prior record level IV offender with twelve or thirteen prior record level points. The trial court's judgments are vacated, and we remand for re-sentencing based on the conceded proper prior record level. *It is so ordered.*

NO ERROR AT TRIAL; JUDGMENT VACATED AND REMANDED FOR RESENTENCING.

Judges MURPHY and WOOD concur.